The DONNYBROOK STATE BANK, a Domestic Banking Corporation, v. V. A. CORBETT.

(163 N. W. 275.)

**Chattel mortgage — amount of, fully stated — promissory note — same date and place — mistake in — as to amount — evidence — sham defense — judgment.**

In this case defendant made to the plaintiff a chattel mortgage to secure $1,500, with interest at 10 per cent, and at the same time he made a note corresponding to the mortgage in all respects only that by inadvertence the word "hundred" was omitted after the word "fifteen." The note and mortgage were made for an honest value, without any fraud or deception. The defense was a sham. Judgment is affirmed.

Opinion filed June 2, 1917.

Appeal from the District Court of Ward County, Honorable K. E. Leighton, Judge.

Affirmed.

*Palda & Aaker* and *I. M. Oseth,* for appellant.

A promissory note is complete without any notation in the margin. Where figures are inserted in the margin, it is usually done for convenience only, a mere memorandum, and is no part of the note. Therefore, any alteration in such figures, entry, or memorandum is not material. Smith v. Smith, 53 Am. Dec. 652 and note, 1 R. I. 398; Merrit v. Boyden, 191 Ill. 136, 85 Am. St. Rep. 246, 60 N. E. 907; Hollen v. Daris, 59 Iowa, 444, 44 Am. Rep. 688, 13 N. W. 413; Johnston Harvester Co. v. McLean, 57 Wis. 258, 46 Am. Rep. 39, 15 N. W. 177; Williamson v. Smith, 1 Coldw. 1, 78 Am. Dec. 478.

An alteration cannot be made in the body of the note, as to the amount thereof, by the payee, without the consent of the maker, merely to satisfy the payee as to his idea of what the transaction really was. Blenkiron Bros. v. Rogers, 87 Neb. 716, 31 L.R.A.(N.S.) 127, 127 N. W. 1062, Ann. Cas. 1912A, 1043.

Note.—As to effect on mortgage of alteration of note secured by it, see notes in 4 L.R.A. 197; 16 L.R.A. 468; and 41 L.R.A.(N.S.) 230.

As to what is, and effect of alteration of instrument, see note in 10 Am. Dec. 271.

No court can, nor has any court ever assumed the right to, substitute new agreements for those actually entered into, under the pretense of correcting an error on the part of one party. It is not sufficient for one party to say a mistake was made. The mistake must be a mutal mistake. Forester v. Van Auken, 12 N. D. 182, 96 N. W. 301; 17 Cyc. 775.

*John J. Coyle* and *P. M. Clark,* for respondent (*A. W. Gray,* on oral argument).

Upon proof of actual fraud, the alteration of an instrument invalidates it for all purposes, except as an evidence of indebtedness for the true amount; but the law is that where there is no fraud, and while the instrument itself may be canceled on account of the alteration, the original indebtedness still remains and can be sued upon; and if any security has been given, such as a mortgage, the mortgage can be enforced regardless of the alteration. 2 Cyc. 183; Gordon v. Robertson, 48 Wis. 493, 4 N. W. 579; 2 C. J. 1181, 1182, and note; Osborn v. Hall, 160 Ind. 153, 66 N. E. 457; Savage v. Savage, 36 Or. 268, 59 Pac. 461.

The alteration here made was wholly immaterial, for the reason that it was clearly made with the intention of making the instrument conform to the intention of the parties, and without fraud. Clute v. Small, 17 Wend. 230; 1 R. C. L. 980; Woodworth v. Bank of America, 10 Am. Dec. 271, note; Blenkiron Bros. v. Rogers, 87 Neb. 716, 31 L.R.A.(N.S.) 127, 127 N. W. 1062, Ann. Cas. 1912A, 1043; Eaton v. Delay, 32 N. D. 328, L.R.A.1916D, 528, 155 N. W. 647; Edington v. McLeod, 87 Kan. 426, 41 L.R.A.(N.S.) 230, 124 Pac. 163, Ann. Cas. 1913E, 315; Van Eps v. Newald, 139 Wis. 129, 120 N. W. 853; Savage v. Savage, 36 Or. 268, 59 Pac. 461.

A mortgage executed to secure a promissory note which has been altered so as to destroy it is not, in the absence of fraud, affected by the alteration, and may be enforced. Clough v. Seay, 49 Iowa, 111; Elliott v. Blair, 47 Ill. 342; Gillette v. Smith, 18 Hun, 10; Wyckoff v. Johnson, 2 S. D. 91, 48 N. W. 837; Eckert v. Pickel, 59 Iowa, 545, 13 N. W. 708; Barton Sav. Bank & T. Co. v. Stephenson, 51 L.R.A. (N.S.) 346, note; 11 C. J. 1229, 1230; First Nat. Bank v. Wolff, 79 Cal. 69, 21 Pac. 551, 748; Wallace v. Tice, 32 Or. 283, 51 Pac. 733; Croswell v. Labree, 81 Me. 44, 10 Am. St. Rep. 238, 16 Atl. 331;

Styles v. Scotland, 22 N. D. 469, 134 N. W. 708; Busjahn v. McLean, 3 Ind. App. 281, 29 N. E. 494; Produce Exch. Trust Co. v. Bieberbach, 176 Mass. 577, 58 N. E. 162.

The term "alteration" implies intention, and in order that an alteration may have the effect of avoiding an instrument it must have been made intentionally in the sense of "wilfully." 2 C. J. 1227.

Where there has been an honest mistake in drafting an instrument as to a material part thereof, and it is executed under the misapprehension that it embodies the agreement actually made, equity will reform it to comply with the intention of the parties. Kinman v. Hill, — Iowa, —, 156 N. W. 168; Buck Auto Carriage & Implement Co. v. Tietge, 174 Iowa, 103, 156 N. W. 313; Day v. Dyer, 171 Iowa, 437, 152 N. W. 53; First Nat. Bank v. Meyer, 30 N. D. 388, 152 N. W. 657; Richards v. Market Exch. Bank Co. 81 Ohio St. 348, 26 L.R.A. (N.S.) 99, 90 N. E. 1000; Comp. Laws 1913, § 7004.

The defendant ratified the change in the note.

"Consent to alteration may be given afterward by ratification. Ratification may be express or it may be implied from custom, or from the acts of the parties. It will be implied where the facts are such as to warrant the implication." Shinew v. First Nat. Bank, 84 Ohio St. 297, 36 L.R.A.(N.S.) 1006, 95 N. E. 881, Ann. Cas. 1912C, 587; Edington v. McLeod, 87 Kan. 426, 41 L.R.A.(N.S.) 230, 124 Pac. 163, Ann. Cas. 1913E, 315; Holyfield v. Harrington, 84 Kan. 760, 39 L.R.A.(N.S.) 131, 115 Pac. 546.

ROBINSON, J. In this case defendant appeals from a judgment against him for $1,500 and the foreclosure of a mortgage securing the same. The defendant was owing one A. W. Gray a sum in excess of $2,000, which was secured by a chattel mortgage. Pursuant to agreement Gray gave defendant a release of the $2,000 mortgage; gave him credit for $1,500, and he made to the defendant bank, for the use and benefit of A. W. Gray, a chattel mortgage to secure the payment of $1,500 and a promissory note, which, according to contract, should have been for $1,500, but by some inadvertence the word "hundred" was omitted after the word "fifteen," though the figures "$1,500" were plainly written at the top of the note. After the making of the note, a clerk of the plaintiff, discovering the mistake, innocently wrote the

word "hundred" on a diagonal across the face of the note. The word "hundred" was written as a memoranda, without any fraud or deception.

The answer of the defendant is that at the time of making the note and mortgage he was not indebted to the plaintiff, and that he made the note to the bank at the request of A. W. Gray as an accommodation note for $15; and that it was made without any consideration whatever; and that it was made only for the purpose of pacifying the state bank examiner. Also, that after receiving the note the plaintiff or its employees wrongfully changed and altered it so as to read "fifteen hundred." The defense is an obvious sham. People do not give accommodation notes for $15, and such notes do not pacify bank examiners. The plaintiff owed Gray over $2,000, and on making the note to the bank he obtained credit for $1,500 and a release of his $2,000 chattel mortgage. It was a fair business deal in which there was no fraud or deception. The note is in evidence, and it shows the word "hundred" written across its face after the word "fifteen." The word "hundred" is written diagonally as a memoranda. It is in a different handwriting and there is no attempt at disguise; and at the top of the note there is the plain figures "$1,500." The note is dated June 1, 1914. The mortgage is made to secure a promissory note to the Bank of Donnybrook for $1,500, dated June 1, 1914, due June 1, 1915, with interest at 10 per cent. The note is in all respects the same, excepting the omission of the word "hundred" after the word "fifteen." Really it seems that people should be ashamed to make such a defense or to appeal such a case to this court. Judgment affirmed.

CHRISTIANSON, J. I concur in result.