# HERMAN SPIERING v. CHARLES F. SPIERING.[1]

## October 12, 1917.

## No. 20,483.

**Bills and notes — findings sustained by evidence.**

1. The findings of fact are supported by the evidence.

**Same — alteration of promissory note — insertion of word "hundred."**

2. An alteration of an instrument, in order that it shall prevent recovery thereon, must be a material one and made with intent to defraud. Under this rule where by mistake in drawing a promissory note for five hundred dollars the word "hundred" is omitted, though the figures expressing the amount are correctly written, it is not an alteration which prevents recovery for the holder of the note to write in the omitted word.

Action in the district court for Lac qui Parle county to recover $500 on a promissory note. The facts are stated in the opinion. The case was tried before Qvale, J., who when plaintiff rested denied defendant's motion to dismiss the action, and made findings that the note be reformed by the insertion of the word "hundred," and ordered judgment in favor of plaintiff. From the judgment entered pursuant to the order for judgment, defendant appealed. Affirmed.

*T. J. McElligott* and *Robert D. Jones,* for appellant.

*A. W. Ewing,* for respondent.

BUNN, J.

This action was to recover on a promissory note. The complaint alleged the execution and delivery of the note by defendant to plaintiff, that the true consideration thereof and the amount intended by the parties to be inserted therein and agreed thereby to be paid was five hundred dollars, but that by a mistake of the person who drew the note the word "hundred" was inadvertently omitted between the words "five"

[1]Reported in 164 N. W. 583.

and dollars, though where the amount was expressed in figures, it was correctly written "$500.00." Plaintiff asked that the mistake be corrected, and that he have judgment for $500 and interest. The answer, in addition to general and specific denials of allegations of the complaint, alleged that defendant had given to plaintiff a note for five dollars, that afterwards the same was materially and fraudulently altered without defendant's consent by adding the word "hundred." It was further alleged that the note was without consideration, and procured by fraud. There was a reply in which these allegations of the answer were denied, and the issues thus made were tried by the court without a jury. The decision was in favor of plaintiff, judgment was entered thereon, and this appeal taken by defendant from the judgment.

Insofar as defendant challenges the findings of fact of the trial court that there was a sufficient consideration for the note, that it was intended by both parties to be a note for five hundred dollars, and that the omission of the word "hundred" was an inadvertence on the part of the person who drew the note, we need only say that the evidence amply supports these findings.

It was found as a fact and is conceded that plaintiff on discovering the mistake took the note to the banker who drew it and he wrote in the word "hundred." This was without defendant's knowledge. These facts form the basis of the contention of defendant that there was a material alteration of the instrument which renders it void. The cases are not all in accord as to the proper conclusion on such a state of facts. They will be found collected in 2 C. J. 1229, et seq. As there was an entire absence of intent to defraud on the part of plaintiff, as the alteration was merely to correct a mistake and make the instrument conform to the undoubted intention of the parties, we are of the opinion that in reason the better rule is that the instrument is not avoided. It may well be said that the alteration was not a material one under the circumstances, and that it did not change the legal effect of the instrument. In addition to the discussion and authorities found in Corpus Juris, the case of Busjahn v. McLean, 3 Ind. App. 281, 29 N. E. 494, is much in point. There is nothing in any of our own cases that works against this view. On the contrary, the often repeated statements that an alteration,

to avoid an instrument, must be made with intent to defraud, and must be a material one, strongly support the conclusion reached.

Judgment affirmed.