BRADFORD-KENNEDY COMPANY, Respondent, v. KENNY, et al, Appellants.

(249 N. W. 734.)

(File No. 7415. Opinion filed July 31, 1933.)

*Hepperle & Fuller* and *M. C. Lasell,* all of Aberdeen, for Appellants.

*Fletcher & Fletcher,* of Aberdeen, for Respondent.

ROBERTS, J. The plaintiff, Bradford-Kennedy Company, instituted this action against the Cooperative Lumber Company of Hecla to recover from it as the maker of four promissory notes and against the other defendants, directors of the defendant company, as indorsers of the notes. The trial court directed a verdict for plaintiff, and from judgment entered on such verdict and from order denying motion for new trial defendants T. R. Kenney, A. D. Engle, and J. H. Osterloh appeal.

The signatures were procured by the manager of the defendant company. The words "Cooperative Lumber Company of Hecla" were omitted from the face of three of the notes when originally indorsed, and were subsequently inserted by the manager of the defendant company when the notes were returned to him by the plaintiff for correction. The name of the company was inserted in each of the three notes over the signatures "by T. R. Kenney Pres." and "by O. P. Newman Sec." It is the contention of the defendants that the insertion of the name of the company in each of the notes was a material alteration without the assent of all the parties liable thereon and vitiated the notes. The defendants when they indorsed the notes knew that they were given for an indebtedness of the defendant company of which they were directors, and it appears without dispute that the corrections were made to conform the notes to the actual understanding of the parties. The question presented is whether the notes were rendered void under such circumstances.

Defendants rely upon sections 1827 and 1828, Rev. Code 1919. These sections so far as material provide:

"§ 1827. Alteration. Where a negotiable instrument is materially altered by the holder without the assent of all parties liable thereon, it is void except as against a party who has himself made, authorized or assented to the alteration and subsequent indorsers. But when an instrument has been materially altered and is in the hands of a holder in due course, not a party to the alteration, he may enforce payment thereof according to its original tenor."

"§ 1828. Change. Any alteration which changes * * * or

which adds a place of payment where no place of payment is specified, or any other change or addition which alters the effect of the instrument in any respect, is a material alteration."

The authorities are not in harmony as to whether an alteration intended merely to correct a mistake in an instrument so as to conform it to the original understanding of the parties operates to avoid the instrument. 2 C. J. 1229. The decisions on this question are reviewed in an annotation in 73 A. L. R. 652.

A material alteration within the definition of the statute avoids a negotiable instrument except as against parties who "made, authorized or assented to the alteration and subsequent indorsers." Though we assume that the insertion of the name of the corporation · in each of the notes was a material alteration because it changed the number and relations of the parties, this becomes immaterial if the alterations were made with the assent of the defendants.

In Klundby v. Hogden, 202 Wis. 438, 232 N. W. 858, 73 A. L. R. 648, it appears that a note was executed and signed by two accommodation parties, but the maker before delivery did not sign the note through an oversight. The omission was subsequently discovered and the signature of the maker was procured. The court held that the accommodation parties understood and agreed that the note was to be signed by the maker. This assent was never withdrawn and the note was therefore altered with the assent of the accommodation parties.

A similar conclusion was arrived at in Balacer v. Shaw, 11 Alberta L. R. 76, 31 D. L. R. 773. An alteration of a promissory note, after its issue, by the addition of the name of another maker, a member of a syndicate, who signed the note, in accordance with the intention of the other signers, it was held, did not invalidate the note. The court, in applying the provisions of the Negotiable Instruments Law, held that the other signers assented to the addition of the signature and emphasized the use of the word "assent" in the act; that such word is used in the broad sense of understanding and has a broader signification than consent to an act. A like result has been reached upon somewhat similar facts by other courts prior to the adoption of or without reference to the Negotiable Instrument Act. Produce Exchange Trust Co. v. Bieberbach, 176 Mass. 577, 58 N. E. 162; Frazer v. State Bank,

101 Ark. 135, 141 S. W. 941; First Nat. Bank v. Spalding, 177 Cal. 217, 170 P. 407; Donnybrook State Bank v. Corbett, 37 N. D. 87, 163 N. W. 275; Spiering v. Spiering, 138 Minn. 119, 164 N. W. 583; Busjahn v. McLean, 3 Ind. App. 281, 29 N. E. 494.

If the insertions of the name of the corporation may be regarded as material alterations within the contemplation of the statute, the corrections were assented to by the defendants, since it was their understanding that the notes were to be signed by the corporation and such assent was never withdrawn.

The conclusion reached as to the proper construction of the statute renders it unnecessary to consider other questions presented.

The judgment and order appealed from are affirmed.

All the Judges concur.