FRIEDMAN, D. B. A. STANLEY M. FRIEDMAN COMPANY, PLAINTIFF-APPELLANT, *v.* NATIONAL CONSTRUCTION COMPANY, DEFENDANT-APPELLEE.

Ohio Appeals, Eighth District, Cuyahoga County.

No. 25690.   Decided February 16, 1962.

508

[redacted]

. *Messrs. Ulmer, Berne, Laronge, Glickman & Curtis*, for plaintiff-appellant.

*Mr. Paul Mancino*, for defendant-appellee.

(BROWN, P. J., DONAHUE and GRIFFITH, JJ., of the Seventh District, sitting by designation in the Eighth District.)

[redacted]

BROWN, P. J. The petition in this case was for money damage claimed due the plaintiff by reason of defendant's breach of contract to purchase personal property. It is alleged that the contract was oral and was the result of a bid made by the defendant company at public auction at Ravenswood, West Virginia. Plaintiff claims defendant bid $13,500.00 for two Gardner-Denver air compressors and delivered a check in part payment, agreeing to pay the balance upon removing the compressors. Plaintiff claims that the defendant thereafter stopped payment on the check and breached the contract. Plaintiff says he notified the defendant, sold the property at a loss of $3,500.00, for which plaintiff prays judgment.

Defendant's answer admits the sale, also admits that it bid upon the two compressors, but says that its bid was $6,750.00 for the two and not $6,750.00 each, as alleged in plaintiff's petition. Defendant's answer admits that when the sum of $13,500.00 was demanded by plaintiff, defendant withdrew from the transaction, and that payment was stopped upon "the check which was made and delivered to the plaintiff."

Defendant's second defense is the statute of frauds.

The trial court found on the issues joined in favor of the defendant and against the plaintiff, and also made and journalized separate findings of fact and conclusions of law.

The first defense is based upon a rescission by the vendee upon grounds of mistake. This, if proved, would be a recognized defense. 5 American Jurisprudence, 481.

The findings of fact and conclusions of law of the trial court are as follows:

### Findings of Fact

"1. The Court finds that the plaintiff conducted an auction sale at Ravenswood, West Virginia.

"2. That rules of the sale were issued to prospective bidders, and bidders were bound by the terms of the sale.

"3. The Court finds that two Gardner Denver Air-Compressors were auctioned off at said sale by lot and a bid at a price of $6,750.00 was made by Harry Gaudio for each of said air-compressors.

"4. Court finds that one Harry Gaudio gave his individual check for $3,250.00 as part payment for said two air-compressors.

"5. The Court finds that said check given by Harry Gaudio was the personal individual check and was not a National Construction Company check.

"6. The Court further finds that after said check was delivered by Harry Gaudio to the plaintiff, the said check was changed and materially altered in that the words Nat. Const. Co., were inserted over the name of Harry Gaudio without the knowledge, consent or permission or approval of defendant and that, therefore, said check was materially altered.

"7. The Court further finds that subsequent to the giving of said check payment was stopped upon said check by said Harry Gaudio.

510

"8. The Court further finds that said evidence did not show Harry Gaudio was an officer of said defendant corporation.

"9. The Court further finds that the defendant at no time authorized the plaintiff to insert the corporate name as the maker of said individual check given by Harry Gaudio.

"10. The Court further finds that Harry Gaudio bid on two air-compressors for the sum of $13,500.00 and that they were offered at auction by lot and that he did bid said sum for both air-compressors.

CONCLUSIONS OF LAW

"1. The court finds that the plaintiff has failed to prove all the essential allegations alleged in the petition by preponderance of the evidence and, therefore, the plaintiff is not entitled to recover and the petition of the plaintiff is dismissed at the cost of the plaintiff.

"2. The Court further finds that there was a material alteration on the check given by Harry Gaudio as an individual in that the words Nat. Const. Co., were inserted over his individual name after the check was delivered from Harry Gaudio to the plaintiff said alteration being made without the consent, permission, knowledge or approval of the defendant, National Construction Company. See Section 1301.16, Revised Code; also *Bradford-Kennedy Company* v. *Kenny et al.*, 61 S. D., 423, 249 N. W., 734.

"3. The Court further finds that said check was an individual check and was not signed in the representative capacity and that it was not the undertaking of the principal and nothing on said check indicated that Harry Gaudio signed as an officer or agent of the defendant corporation, and that parol evidence cannot be received to exonerate or to charge the agent or principal. See 40 Ohio Jurisprudence (2d), 204, Part. 247.

"4. The Court further finds that there was no evidence in the record other than the statement of the agent as to his authority and that the statements of the agent as to his authority so as to bind his principal are not admissible to prove his agency or the extent of his authority. See 2 Ohio Jurisprudence (2d), 283, Par. 200.

"5. The Court further finds that by reason of the facts and circumstances presented in this case, the plaintiff has failed

to prove a valid contract of sale with the defendant herein. Sections 1303.39 and 1303.40, Revised Code.

"6. The Court further finds that, if a contract is valid and in a state where it is made, it is also valid in a state where the contract is attempted to be enforced.

"7. The Court further finds that if the oral contract in this case is for an amount over $2,500.00 the Uniform Sales Law of Ohio, Section 1315.05, Revised Code, would require said contract to be in writing something of value given or part payment made in order to be enforceable in Ohio. And since the contract is an oral contract and the action herein is brought in the State of Ohio, the laws of the State of Ohio would control the Statute of Frauds of Ohio requires that said contract be in writing or part payment made or something of value given and said action is barred in the State of Ohio. See *Heaton* v. *Eldridge & Higgins*, 56 Ohio St., 87.

"8. Since the defendant did not give anything in earnest in this case and the check was an individual check of Harry Gaudio and not the corporation upon which payment was stopped, the Court finds that there was nothing received as part payment to 'take said contract out of the Statute of Frauds and, therefore, the contract would be unenforceable under the Statute of Frauds of Ohio.

"9. The court further finds that the plaintiff was without authority from the defendant corporation to change said check from the personal check of Harry Gaudio or to add the words Nat. Const. Co., without any authority being proven as coming from the defendant corporation. This alteration left nothing in the hands of the plaintiff in the way of part payment and the plaintiff had nothing of value from the defendant in order to charge it with liability under the facts of this case."

It seems apparent from these findings and conclusions that the trial court concluded that the evidence proved no mistake in the bid. It is also apparent that the basis for the court's judgment for the defendant was Section 1315.05, Revised Code, which states:

"A contract to sell or a sale of any goods or choses in action of the value of twenty-five hundred dollars or upwards is not enforceable by action unless the buyer * * * gives something in earnest to bind the contract * * *."

That the defendant's agent was at the sale, made a bid and deposited a check is admitted by the answer.

With this in mind it occurs that the conclusion of the trial court involves error since the only question raised and decided in applying Section 1315.05, Revised Code, was that the defendant did not "give something in earnest to bind the contract."

The answer having admitted that the defendant's agent attended, bid and gave a check "as a downpayment on said purchase of said equipment," requiring the plaintiff to prove any of these facts would be to violate an elementary rule of pleading. 41 American Jurisprudence, 435. The pleader is bound by his admissions in his pleadings, as where he expressly admits the truth of some fact, or fails to deny the truth of allegations against him. 43 Ohio Jurisprudence (2d), 19.

The court's findings that the check given was the individual check of Gaudio, was not the check of the defendant company, was materially altered, and that payment upon it was stopped were immaterial in three respects:

First, the facts found were inconsistent with admissions of material facts in the answer.

Second, where agency and scope of employment are admitted the check given need not be the check of the vendee.

Third, the purpose of the statute (Section 1315.05, Revised Code), is accomplished by the delivery and acceptance of a check. *Hunter* v. *Wetsell*, 84 N. Y., 549; 8 A. L. R. (2d), 251.

Since the findings of the court are inconsistent with the admission of the pleadings, the conclusion that the contract is unenforceable because of Section 1315.05, Revised Code, is erroneous and prejudicial.

Under these pleadings the finding that the plaintiff failed to prove the essential allegations of the petition by a preponderance of the evidence is inconsistent with the finding that there was no mistake as to the property offered for sale, or the total amount of the bid. The pleadings, the findings, and the conclusion of the trial court cannot be reconciled.

The judgment is, therefore, reversed and the cause is remanded for a new trial.

DONAHUE and GRIFFITH, JJ., concur.