The **MIDWAY NATIONAL BANK OF ST. PAUL**, Respondent,

v.

**Harry N. RAY, Appellant.**

**No. C1–84–1215.**

Court of Appeals of Minnesota.

Dec. 24, 1984.

Review Denied March 6, 1985.

John E. Brandt, Murnane, Conlin, White, Brandt & Hoffman, St. Paul, for respondent.

John F. Markert, West St. Paul, for appellant.

Considered and decided by POPOVICH, C.J., LESLIE, and NIERENGARTEN, JJ., with oral argument waived.

## OPINION

POPOVICH, Chief Judge.

Respondent Midway National Bank sued appellant Ray for default on a promissory note executed in November 1979. Appellant claims his obligation is cancelled because of material alterations on the note. The trial court awarded respondent judgment of $121,368.66. We affirm.

### FACTS

Appellant, an attorney, and respondent maintained a banking relationship for over

e

30 years. In April 1979, appellant executed a 90-day promissory note, due July 17, 1979, in the amount of $82,000 at 14 percent interest. It was renewed three times and each time a renewal note was executed. On July 17, 1979, the note was renewed for 60 days; in September 1979, the note was renewed for 60 days at 15 percent interest; in November 1979, the note was renewed a third time, on a demand basis, at an initial rate of 16½ percent interest.

Respondent claims appellant agreed the interest rate on the demand note would vary. Appellant was notified of interest rate changes and a handwritten memoranda of each interest rate change was made on the back of the promissory note. Before July 13, 1981, the interest rate was adjusted twice to a rate less than the initial rate of 16½ percent. From June 13, 1980 until September 28, 1980, the interest rate was 16 percent; from September 28, 1980 until July 13, 1981, the interest rate was 15 percent. Appellant made payments at the lower rates of interest. In July 1981, appellant was notified the rate of interest would be adjusted to 18½ percent. Appellant objected and refused to make any principal or interest payments.

Appellant claims the parties did not agree to a varied rate of interest. He claims the demand note required the parties to execute another note if interest rates were to be changed. The 16½ percent interest rate is crossed out on the note with an asterisk and the word "over" next to it. On the back of the note, dates and varying rates of interest are handwritten. The handwritten notations were not on the note when appellant executed it.

The trial court found (1) the parties agreed the rate of interest would vary, (2) respondent varied the interest rate with a memo of each change on the note's reverse side, and (3) appellant was notified of each change.

On February 23, 1984 the trial court awarded respondent a $121,075.82 judgment against appellant. On April 12, 1984,

the trial court entered an amended judgment of $121,368.66.

Appellant moved for amended findings of fact, conclusions of law and order for judgment, or alternatively, for a new trial. The trial court ordered an amendment of the findings of fact, conclusions of law and judgment. The trial court, therefore, did not address the motion for a new trial.

Appellant appealed from the amended judgment. The difference between the original judgment and the amended judgment is: (1) attorney fees awarded are reduced by $1,500; and (2) $1,792.84 in interest is added.

## ISSUES

1. Was the issue of fraudulent alteration of a promissory note properly raised in this appeal from the amended judgment?

2. Was appellant's obligation to repay the note cancelled because respondent crossed out and changed the original interest rate without an intent to defraud?

## ANALYSIS

1. In *Swartwoudt v. Swartwoudt,* 349 N.W.2d 600 (Minn.Ct.App.1984), *pet. for rev. denied,* (Minn. Sept. 12, 1984), we said:

> Where the original judgment is not appealed and an issue is left undisturbed in an amended judgment, that issue is not reviewable on appeal from the amended judgment. *Dennis Frandsen & Co. v. Kanabec County,* 306 N.W.2d 566 (Minn. 1981). When a judgment is modified, issues from the original judgment are reviewable only if they were not appealable before the modification. *Servin v. Servin,* 345 N.W.2d 754 (Minn.1984).

349 N.W.2d at 602.

Appellant is appealing from the amended judgment only. The amended judgment leaves undisturbed the issue appellant seeks to raise in this appeal. Appellant should have appealed from the original judgment or from an order denying a new trial. In the interest of justice, however, we consider the issue raised by appellant.

*See E.C.I. Corporation v. G.G.C. Co.*, 306 Minn. 433, 237 N.W.2d 627 (1976); Minn.R. Civ.App.P. 103.04.

2. Minn.Stat. § 336.3–407 (1982) provides:

(1) Any alteration of an instrument is material which changes the contract of any party thereto in any respect, including any such change in

\*    \*    \*    \*    \*    \*

(c) the writing as signed, by adding to it or by removing any part of it.

(2) As against any person other than a subsequent holder in due course

(a) alteration by the holder which is both fraudulent and material discharges any party whose contract is thereby changed unless that party assents or is precluded from asserting the defense;

(b) no other alteration discharges any party and the instrument may be enforced according to its original tenor, or as to incomplete instruments according to the authority given.

*Id.*

■ Unless an alteration is both material and fraudulent, it does not discharge the signer. *Hannah v. State Bank*, 195 Minn. 54, 261 N.W. 583 (1935) (good faith correction of mistake in chattel mortgage—no cancellation of instrument); *Spiering v. Spiering*, 138 Minn. 119, 164 N.W. 583 (1917) (good faith correction of the amount stated in note—no discharge of maker).

Any alteration is material only as it may change the contract of a party to the instrument;

\*    \*    \*    \*    \*    \*

A material alteration does not discharge any party unless it is made for a fraudulent purpose. There is no discharge where a blank is filled in the honest belief that it is as authorized; or where a change is made with a benevolent motive such as a desire to give the obligor the benefit of a lower interest rate.

U.C.C. § 3–407 comments 1, 3(b) (1978).

In this matter, the trial court found (1) the parties agreed the interest rate would vary, (2) when the rate changed respondent made a memo of each change on the note's back, and (3) respondent notified appellant of interest rate changes. Appellant claims the trial court's findings are clearly erroneous.

[W]e will consider the testimony and evidence in the light most favorable to the prevailing party in determining whether the trial court's findings are clearly erroneous.

*Haas v. Harris*, 347 N.W.2d 838, 839 (Minn.Ct.App.1984).

■ The record indicates appellant and respondent (1) maintained a business relationship over many years; (2) appellant occasionally executed various loan documents in blank or partially in blank; (3) appellant made payments under the demand note pursuant to varying interest rates; and (4) the interest rate was adjusted downward under the first two adjustments. If the parties did not agree to a varying rate, respondent would not have adjusted the interest rate downward. Appellant's first objection came only after the third adjustment which raised the interest rate. The trial court's findings are not clearly erroneous.

■ Since the parties agreed to a varying interest rate, the handwritten notations on the note are not material alterations. They did not change the parties' agreement and were not made with an intent to defraud. Under these circumstances, appellant's obligation to repay the note was not discharged. *See Spiering*, 138 Minn. at 120–21, 164 N.W. at 583.

### DECISION

Appellant should have appealed from the original judgment or from an order denying a new trial for the issue raised in this appeal. Appellant's obligation to repay the note was not discharged because the changes on the note reflected the parties' agreement and were not made with an intent to defraud.

Affirmed.