# CASES

## ARGUED AND DETERMINED

### IN THE

# SUPREME COURT OF MINNESOTA

JOHN N. STRAND v. CHICAGO GREAT WESTERN RAILROAD COMPANY.[1]

October 8, 1920.

No. 21,825.

**Vacating judgment and permitting service of amended complaint.**

1. On the facts presented it was within the discretion of the trial court to vacate the judgment and permit plaintiff to serve and file his amended complaint.

**Amended complaint — cause of action unchanged.**

2. The amended complaint asserts the same cause of action asserted in the original complaint.

**Appeal and error — reversal for omission in complaint.**

3. The omission to allege specifically that defendant operated a steam railroad is not cause for reversal under the circumstances of this case.

Action in the district court for Goodhue county to recover $1,000 for personal injuries. The facts are stated at the beginning of the opinion. From an order, Johnson, J., setting aside the order sustaining defendant's demurrer to the complaint, and setting aside the judgment entered on the order sustaining the demurrer, and granting plaintiff leave to amend his complaint, defendant appealed. Affirmed.

*A. G. Briggs* and *J. B. Green,* for appellant.

*A. J. Rockne* and *Arctander & Nordbye,* for respondent.

[1] Reported in 179 N. W. 369.

147 M.—1.

Taylor, C.

In February, 1918, plaintiff brought suit against defendant to recover damages for personal injuries sustained on August 11, 1916. It appears from the complaint that plaintiff was employed by defendant as a section laborer under a section foreman; that at the time of the accident they were engaged in transporting steel rails on a gasolene car and trailer; that by direction of the foreman plaintiff assisted in pushing the cars along the track for the purpose of starting the gasolene engine; that while so engaged the foreman negligently started the gasolene car at "a fast and furious rate of speed;" and that plaintiff, in attempting to board the trailer while in motion, slipped and fell in such a manner that one of its wheels passed over his foot, causing the injuries for which he seeks to recover. The complaint further alleged, in substance, that defendant employed physicians and surgeons to treat plaintiff's injuries, that these physicians and surgeons negligently failed to give plaintiff's wounds any proper care or treatment, and that both his suffering and his disability were greatly increased by reason of such neglect.

Defendant demurred to the complaint on the ground that the facts stated did not constitute a cause of action. The demurrer was argued on October 7, 1918. At the close of the argument the court stated orally that he would make an order sustaining the demurrer, but with leave to plaintiff to amend his complaint. Thereupon, at the instance of plaintiff's attorney, the cause was set for trial on December 7, 1918. Thereafter the court made a written order dated October 7, 1918, and filed October 8, 1918, sustaining the demurrer and directing judgment for defendant thereon, but with leave to plaintiff to amend his complaint within 15 days. On the filing of this order, the clerk, on his own motion and apparently without knowledge of any of the parties or attorneys, entered a judgment in favor of the defendant and against the plaintiff, but giving plaintiff 15 days in which to amend his complaint. On October 6, 1919, plaintiff served notice of a motion to vacate this judgment and the order on which it was based, and for leave to serve and file an amended complaint which was made a part of the moving papers. The court granted this motion and the defendant appealed from the order granting it.

Defendant contends that plaintiff was guilty of such neglect and delay that the court abused its discretion in vacating the judgment and permitting him to serve and file his amended complaint. Section 7783, G. S. 1913, authorizes the court to "amend any pleading, process, or proceeding, either before or after judgment." Section 7786, G. S. 1913, provides:

"The court, in its discretion, may likewise permit an answer or reply to be made, or other act to be done, after the time limited therefor by this chapter, or by its order may enlarge such time; or at any time within one year after notice thereof, in its discretion, may relieve a party from any judgment, order, or other proceeding taken against him through his mistake, inadvertence, surprise, or excusable neglect; or may, for good cause shown, modify or set aside its judgments, orders, or proceedings, whether made in or out of term and may supply any omission in any proceeding, or in the record, or by amendment conform any proceeding to the statute under which it was taken."

An order sustaining a demurrer is appealable and an appeal from an order may be taken "within thirty days after written notice of the same from the adverse party." Section 8000, G. S. 1913. The 30 days allowed for taking such appeal does not begin to run until this written notice has been served, even if the appellant has actual notice of the order. Levine v. Barrett, 83 Minn. 145, 85 N. W. 942, 87 N. W. 847.

"When an order or decision is filed, the clerk shall forthwith mail notice thereof to the attorneys of record in such cases." Section 7817, G. S. 1913.

No notice of the making or filing of the written order was ever given to plaintiff or his attorneys. Plaintiff resided at Red Wing where the demurrer was heard, but knew nothing of court procedure and did not understand the situation. His attorney, Senator Rockne, resided at Zumbrota. It appears from the affidavit of Mr. Rockne that at the close of the hearing on October 7, 1918, he departed, believing that he would be given notice of the written order whenever it was filed. It further appears from this affidavit that he was negotiating for a settlement with an attorney of defendant both before and after the argument of the demurrer, and understood from such attorney that he could make and serve the

amended complaint at his convenience. It further appears that for more than six months he was constantly occupied with other matters, and with his duties as a senator at the regular session of the legislature, and unable to give the necessary attention to the preparation of the amended complaint, and that in May, 1919, he advised plaintiff, who had become impatient at the delay, to engage other attorneys. Thereupon plaintiff employed Messrs. Arctander & Nordbye, attorneys residing in the city of Minneapolis, who had a conference with Mr. Rockne, at which they were informed by him of the argument of the demurrer and the oral statement of the judge, but were further informed that no formal order had been made, and that the amended complaint could be made and served at any time. Messrs. Arctander & Nordbye then proceeded to investigate the merits of the case and to interview numerous witnesses residing in different places, and prepared an amended complaint. For the purpose of completing and serving the papers, Mr. Arctander went to Red Wing on October 2, 1919, and on examining the records discovered the written order and the judgment. Neither plaintiff nor his attorneys had any knowledge of the existence of either the order or the judgment until this date. The present application was made four days later.

It appears from the memorandum of the trial court that this application was granted mainly for the reason that chapter 187, p. 253, of the Laws of 1915 had inadvertently been overlooked at the original hearing. This act changes the former law in this state by making steam railroads liable for injuries to an employee, resulting from the negligence of coemployees, although the injured employee was not exposed to the peculiar hazards incident to the operation of a railroad, and by adopting the rule of comparative negligence in such cases in place of the rule that contributory negligence bars a recovery. Seamer v. Great Northern Ry. Co. 142 Minn. 376, 172 N. W. 765. This act had a direct and perhaps controlling bearing on the questions raised by the demurrer, and the amended complaint clearly brings the case within its provisions. In view of all the facts and circumstances and of the various statutes referred to, we are of opinion that it was within the discretion of the court to set aside the order and judgment, and receive the amended complaint.

Plaintiff concedes that the demurrer was well taken as to the claim of

negligence on the part of the physicians, and this claim is omitted from the amended complaint and need not be considered further.

Defendant also contends that the amended complaint sets forth an entirely new cause of action which was barred by the statute of limitations before the amendment was presented. It is true that the statutory limit of two years in which to bring an action for such injuries had expired before the amended complaint was served, but we cannot sustain the contention that it sets forth a new cause of action. It is lengthy and differs from the original complaint in setting forth in detail the duties required of plaintiff, and the conditions and circumstances attending and resulting in the accident. It also alleges that plaintiff was a member of a bridge crew engaged in moving heavy timbers, and was pushing on the gasolene car, and injured while attempting to board that car, while the original complaint alleged that he was a member of a section crew engaged in moving rails and was pushing on the trailer and injured in attempting to board the trailer. The amended complaint also omits the charge that the foreman started the car at an excessive speed. But the amended complaint shows that the injuries for which plaintiff seeks to recover are the same injuries set forth in the original complaint, and that they were sustained in the same accident and in the same manner set forth therein, and that plaintiff was acting under the orders of his superior at the time. Substantially the same question here presented was considered in Nash v. Minneapolis & St. L. R. Co. 141 Minn. 148, 169 N. W. 540, and following the decision in that case we hold that the amended complaint asserts the same cause of action asserted or attempted to be asserted in the original complaint.

Some point seems to be made on the fact that neither the original nor the amended complaint specifically alleges that the railroad operated by defendant was a steam railroad and that chapter 187, p. 253, Laws of 1915, applies only to steam railroads. It does not appear that this point was presented to the court below, and, as defendant makes no claim that its road is not a steam railroad, it was doubtless assumed that such was the fact, and, as the defect is merely technical and can be readily cured by an amendment, we think it does not afford ground for a reversal.

Order affirmed.