**In Re the Marriage of Ruth SERVIN, petitioner, Appellant,**

**v.**

**Donald SERVIN, Respondent.**

**Nos. C3–82–1471, CX–83–280.**

Supreme Court of Minnesota.

March 16, 1984.

---

Oakes & Kanatz, St. Paul, for appellant.

Robert F. Mannella, Anoka, for respondent.

TODD, Justice.

Ruth and Donald Servin were divorced by a judgment and decree entered April 28, 1980 and Ruth appealed from part of the award. On December 26, 1980 an order was filed requiring her to post a supersedeas bond guaranteeing payment of rent on the marital homestead from and after October 16, 1980. The bond was to become payable if the judgment was affirmed. On May 14, 1981 the appeals panel remanded the matter to the trial court for a new trial on the nature of the debt involved and for amendment of the decree as to the proceeds from the sale of the homestead.

On February 17, 1982 an order was filed amending certain portions of the original decree. On September 7, 1982 an amended judgment and decree pursuant to the order of February 17, 1982 was entered. On November 29, 1982, an order was filed directing Ruth Servin to cooperate in the sale of the homestead and awarded Donald Servin an amount equal to the sum of $200 per month for accrued rentals from and after October 16, 1980 to the date of closing.

The facts in this case are not in dispute. Donald Servin claims the appeal to this court is not timely filed. Ruth Servin claims the trial court erred in the method it used to achieve its goal of equal division of the marital property. She also claims error in failing to award permanent spousal maintenance and compelling her to pay the costs of a supersedeas bond she posted in her original appeal. We affirm in part and reverse in part.

■ 1. The time for filing an appeal to this court was formerly described in Rule 104.01:

> An appeal from a judgment may be taken within 90 days after the entry thereof, and from an order within 30 days after service of written notice of filing thereof by the adverse party.

> The time for taking an appeal from a partial judgment disposing of less than all multiple claims or affecting less than all of the multiple parties to an action shall begin to run on the date of the entry of the final judgment relating to all of the remaining multiple claims or multiple parties.

Minn.R.Civ.App.P. 104.01.[1] The timing of this appeal must be set out for a proper review of the case. The first notice of appeal was filed on November 8, 1982 from the order of February 17, 1982 and the amended judgment and decree entered on September 7, 1982. The second notice of appeal was taken on February 23, 1983 from the order dated November 29, 1982. It is crucial to note that in neither case was a notice of the filing, which begins the 30-day filing period for orders, served by either party on the other.

■ Ruth appealed on November 8, 1982 from the order of February 17, 1982 and the amended judgment and decree entered September 7, 1982. No notice of the filing of the February order was served by either party on the other. *See State ex rel. Kruse v. Webster*, 231 Minn. 309, 314–15, 43 N.W.2d 116, 119 (1950); *Strand v. Chicago Great Western R. Co.*, 147 Minn. 1, 3, 179 N.W. 369, 370 (1920). Donald never filed notice with Ruth and, therefore, the statutory time limitations of Rule 104.01 never began. Ruth's appeal from the February 17, 1982 order is timely. The appeal from the amended judgment and decree is clearly timely since it is within the 90-day period allowed by Rule 104.01.

■ The appeal from the November 29, 1982 order is also timely. The notice of appeal was filed on February 23, 1983 outside the 30-day time limitation. Neither Donald nor Ruth served upon the other party a notice that the order was filed, and therefore, the 30-day time limitation for appeal under Rule 104.01 never began.

Donald's real argument regarding the appeal from amended judgment and decree on November 8, 1982 is that Ruth should and could have earlier appealed from those issues determined in the *original* judgment and decree and not considered in the *amended* judgment and decree. He argues that the original judgment and decree was entered on April 28, 1980 and the 90 days began to run at that time for those issues not considered on appeal to the three-judge district court panel.

■ Rephrased, the issue is whether appellant is entitled to appeal from all issues in the original judgment and decree when the judgment and decree has since been amended. The general rule in Minnesota is that after amendment or modification of an order, the time within which an appeal must be taken begins to run from the date of the amendment or modification, although some states require that the modification be substantial before granting extended time to appeal. *Krug v. Independent School Dist. No. 16*, 293 N.W.2d 26, 29 (Minn.1980).

■ This court stated in *E.C.I. Corp. v. G.G.C. Co.*, 306 Minn. 433, 237 N.W.2d 627 (1976), that "[t]he correct application of Rule 104.01 is that the time to appeal an issue begins to run anew from a modification of judgment when the issue was for some reason not appealable before the modification." *Id.* at 435, 237 N.W.2d at 629. The issue in the instant case then is whether the issues on appeal were for some reason not appealable before the modification of the original judgment by the amended judgment and decree.

■ The issues raised on appeal to the three-judge district court panel were whether the trial court abused its discretion in failing to make a just and equitable division of property, in ordering the homestead sold and in failing to award permanent spousal maintenance. The panel limited its consideration to whether the trial court abused its discretion in disposing of the marital property, in ordering payment of respondent's debt with proceeds from the sale of parties' real estate, and in setting its maintenance award. Essentially, the panel had before it on appeal the same issues assigned for error below in the trial court.

The panel remanded all issues to the trial court for a new trial. It found that it failed to "find facts sufficient to determine if the debt was marital or individual." The

1. Amended August 1, 1983.

court stated: "[b]ecause of the inconsistency between the findings of fact and conclusions of law and the insufficiency of evidence to determine the character of the debt, the court remands this matter to the trial court for a new trial on the issue of, whether the debt incurred to Esther Servin [Mr. Servin's mother] was a marital or individual debt." It also held that the trial court's conclusions regarding the division of real estate proceeds were insufficient to allow it to determine if the trial court's property and maintenance award was inequitable.

It is clear from the issues addressed by the panel that the issues on appeal were not limited to whether the debt to Mr. Servin's mother would be treated as a marital debt or as an individual debt of Mr. Servin. Ruth Servin would have had a duty to appeal those issues neither being considered by the panel nor affecting the original judgment. The issues here on appeal *were* on appeal before the panel and she had to await the outcome of the new trial, which produced an amended judgment and decree, before she could appeal. The amended judgment and decree involved issues that were reconsidered. It also incorporated some changes.

These issues raised by Ruth could not have been raised earlier in an appeal to this court from the first judgment since the appeal panel was hearing the identical issues. Such a practice defies common sense and sound judicial practice. It follows that if she timely appealed from the amended judgment and decree she properly preserved all the same issues for appeal to this court.

■ 2. A trial court has broad discretion in dividing marital property upon dissolution of a marriage. Its decision will be overturned only for a clear abuse of discretion. This court on review must affirm the trial court's division of property if it had an acceptable basis in fact and principle even though this court may have taken a different approach. *Senglaub v. Senglaub*, 302 Minn. 547, 548, 224 N.W.2d 514, 515–516

(1974); *Castonguay v. Castonguay*, 306 N.W.2d 143, 147 (Minn.1981).

■ We find no abuse of discretion in this case. However, the trial court did make a mathematical error which deprived Ruth Servin of a substantial sum of money. Donald Servin has a vested pension with an agreed value of $26,126.28. The trial court awarded him the pension, and to compensate Ruth Servin, deducted one-half of the value of the pension from the equity in the homestead. This was error. The entire value of the pension should have been deducted from the proceeds of the sale of the homestead and awarded to Ruth Servin. Then the balance of the proceeds should have been divided equally.

■ 3. Ruth Servin claims the court erred in not awarding her permanent spousal maintenance. Her claim is premature. The trial court awarded maintenance for a period of 36 months. In addition the court stated: " * * * provided further alimony for the petitioner is reserved." The disposition of that reserved decision is not before us.

■ 4. The trial court required appellant to file a supersedeas bond to stay the proceedings while the appeal to a three-judge panel took place. Rule 108.01(1) states:

An appeal from an order or judgment shall stay proceedings in the trial court and save all rights affected thereby, if the appellant provides a supersedeas bond in the amount and form which the trial court shall order and approve, in the cases provided in this Rule.

Minn.R.Civ.App.P. 108.01, subd. 1. The trial court proceeded under this subdivision and subdivision 5 in requiring appellant to file a supersedeas bond. Subdivision 5 provides:

If the appeal is from a judgment directing the sale or delivery or possession of real property, the condition of the bond shall be the payment of the value of the use and occupation of the property

from the time of the appeal until the delivery of the possession of the property if the judgment is affirmed, and the undertaking that the appellant shall not commit or suffer the commission of any waste on the property while it remains in his possession during the pendency of the appeal.

Minn.R.Civ.App.P. 108.01, subd. 5. The trial court found that since this was an appeal directing the sale or possession of real property, Rule 108.01, subd. 5 applied. The trial court required the supersedeas bond be filed and found it was "conditioned upon the payment of the value of the use and occupation of the property from the time of appeal (October 6, 1980) until such time as the property is listed for sale with a reputable real estate firm, should the judgment be affirmed."

The trial court's order stated that petitioner-appellant shall pay an amount representing $200.00 per month plus 8% interest per annum from October 16, 1980. The bond sum was only payable to respondent if the judgment of April 28, 1980 was affirmed by the panel on appeal. Ruth Servin sought and received a remand and a new trial and, therefore, the appeal was not affirmed. Her liability on the bond to pay Donald was to be invoked only if the appeal was affirmed.

The later order of the trial court filed on November 29, 1982 forcing Ruth Servin to pay the supersedeas bond in the aggregate amount of $4,800 with 8% interest thereon was incorrect because she was successful on appeal. The trial court properly made her vacate the premises for her failure to effect the sale of the home or cause it to be listed for sale, but incorrectly assessed the cost of the supersedeas bond against her.

■ Taxation of costs and disbursements are awarded to the party "prevailing" on appeal. *See* Minn.R.Civ.App.P. 139.01 and 139.02. Supersedeas bonds are considered costs of appeal. *See Trans World Airlines, Inc. v. Hughes*, 515 F.2d 173, 177 (2d Cir.1975); *Scaduto v. Orlando*, 381 F.2d 587, 596 (2d Cir.1967); *Berner v. British Commonwealth Pacific Airlines, Ltd.*, 362 F.2d 799, 801 (2d Cir.1966). It must be determined if respondent "prevailed" on the appeal to the three-judge district court panel. The general rule followed by this court is that an appellant prevails if he secures a reversal or modification of the order or judgment from which an appeal is taken, and the respondent prevails if he secures affirmance without modification. *Village of Blaine v. Independent School Dist. No. 12*, 265 Minn. 9, 24, 121 N.W.2d 183, 194 (1963). In the case on appeal, Ruth Servin sought a new trial and received a new trial on remand and an eventual modification of the judgment. Ruth Servin "prevailed" on appeal; therefore the costs of the supersedeas bond were wrongfully taxed against her.

■ We also allow $400 attorney fees to Ruth Servin on this appeal.

Affirmed in part, reversed in part, and remanded for entry of judgment consistent with this opinion.