**In re the Marriage of Margaret FOSTER, Petitioner, Respondent,**

v.

**James FOSTER, Appellant.**

**No. C6-84-173.**

Court of Appeals of Minnesota.

Nov. 13, 1984.

Review Denied Feb. 27, 1985.

Margaret Foster, pro se.

James Foster, pro se.

Considered and decided by POPOVICH, C.J., and HUSPENI and FORSBERG, JJ., with oral argument waived.

## OPINION

HUSPENI, Judge.

Appellant husband appeals from a judgment and decree of marriage dissolution, alleging the trial court's property distribution is inequitable and works an unfair hardship entitling husband to a greater share of the marital property or up to one-half of respondent wife's nonmarital property. We affirm.

### FACTS

James and Margaret Foster were married on January 18, 1964. Their marriage was dissolved on October 27, 1983, when husband was 63 and wife 43. Three daughters were born of the marriage. Two were minors at the time of dissolution.

During their nineteen years of marriage, the parties acquired valuable items consisting of gun, coin, and stamp collections valued at approximately $123,000. During the pendency of the dissolution action, and in defiance of a court order, husband removed and hid these collectibles and refused to disclose their whereabouts.

Marital property of the parties consisted in part of a homestead which was in the process of foreclosure. The reasonable market value of the homestead prior to foreclosure was $38,250. The amount necessary for redemption of the mortgage was approximately $21,732. The parties also

owned as marital property 390.35 acres in Becker County, Minnesota, with a reasonable market value of $117,000, miscellaneous household goods valued at approximately $2,500, and two cars.

During the marriage, wife received a gift from her mother of a 5/42 interest in real estate located in Lompoc, California, with an estimated value of $200,000. The trial court determined the California real estate was wife's nonmarital property and awarded it totally to her.

At the time of the dissolution, the parties had the following debts:

1. $8,488.09 of unsecured debts;
2. approximately $21,080.65 secured indebtedness to the First National Bank of Detroit Lakes, Minnesota. A portion of this indebtedness is a chattel mortgage on the coin, stamp, and gun collections, and the remaining amount is a real estate mortgage on the acreage in Becker County; and
3. $21,732 to redeem the mortgage on the homestead. The redemption period expired on or about January 8, 1984.

During the last seven years of the marriage, wife has been employed as a real estate sales person. She earns approximately $750 per month through her sales, and by working at a grocery store. During the last five years, husband was also employed in real estate sales. However, at the time of the dissolution, he was unemployed, searching for other employment, and receiving monthly social security benefits in the amount of $490.

The trial court granted custody of the minor children to wife. No child support was awarded because social security benefits were received by the children. No maintenance was awarded to either party.

The trial court divided the marital property and debts as follows:

### TO HUSBAND

1. Collection of stamps, coins, and guns

| | |
|---|---|
| Reasonable Market Value: | $123,000.00 |
| Less: Chattel mortgage and mortgage on Becker County acreage totalling: | - 21,082.65 |
| | $101,917.35 |

2. Homestead in foreclosure proceeding together with the right of redemption on the mortgage

| | |
|---|---|
| Reasonable Market Value of Homestead: | $ 38,250 |
| Less: Cost necessary to exercise right of redemption: | - 21,732 |
| NET VALUE | $ 16,518 |

3. Miscellaneous household furnishings and office furnishings and the automobile in his possession: (Value Unknown)

### TO WIFE

1. 390.35 acres of land in Becker County

| | |
|---|---|
| Estimated Reasonable Market Value: | $117,000 |
| Less: unsecured debt: | - 8,488 |
| NET VALUE | $108,512 |

2. Miscellaneous household furnishings and the automobile in her possession: (Value Unknown)

On appeal from the judgment, husband challenges the trial court's property distribution.

### ISSUE

Was the trial court's division of property a clear abuse of discretion?

### ANALYSIS

In *Servin v. Servin*, 345 N.W.2d 754 (Minn.1984), the Minnesota Supreme Court said:

A trial court has broad discretion in dividing marital property upon dissolution of a marriage. Its decision will be overturned only for a clear abuse of discretion. This court on review must affirm the trial court's division of property if it had an acceptable basis in fact and principle even though this court may have taken a different approach.

*Id.* at 758.

Husband alleges the trial court did not make a just and equitable division of

**102**

marital property as required by Minn.Stat. § 518.58 (1982). We cannot agree. Husband received over $118,000 in marital property, wife approximately $108,500. The trial court's marital property division certainly does not amount to a clear abuse of discretion. Husband chose to hide the stamp, gun, and coin collections during the dissolution proceedings. The court properly awarded these secreted items to husband, and awarded wife a substantial portion of real estate comparable in value. The marital property division here was logical and consistent with the facts of the case. *Rutten v. Rutten*, 347 N.W.2d 47, 50 (Minn.1984).

Husband also claims the trial court's division of property is so inadequate as to work an unfair hardship entitling him to one-half of wife's nonmarital California real property.

■ There was no evidence in the record to support husband's allegation that his resources or property, including his portion of the marital property, were so inadequate as to work an unfair hardship upon him. Minn.Stat. § 518.58. Husband was awarded the stamp, gun, and coin collections which are of substantial value. He also received the parties' homestead if he chose to redeem the mortgage thereon. The property awarded to husband, together with his monthly social security benefits, his employability and his expertise in real estate, provide him with sufficient resources to meet his living needs and expenses. The trial court did not err in failing to invade wife's nonmarital property, nor in failing to award a disproportionate share of marital property to husband.

■ Finally, husband disputes the value the trial court placed upon the marital real property. We find this valuation to be supported by the record, and husband's attack thereon to be without merit.

### DECISION

The trial court's valuation and division of property was not a clear abuse of discretion.

Affirmed.