In re the Marriage of James G. FERNANDEZ, Petitioner, Appellant,

v.

Doreen FERNANDEZ, Respondent.

No. CX-85-932.

Court of Appeals of Minnesota.

Sept. 3, 1985.

Lynnel L. Jones, Minneapolis, for appellant.

Douglas T. Merritt, Duluth, for respondent.

Heard, considered and decided by CRIPPEN, P.J., and SEDGWICK and NIERENGARTEN, JJ.

## OPINION

SEDGWICK, Judge.

This appeal is from a judgment of dissolution. We affirm in part, reverse and remand in part.

## FACTS

James G. Fernandez (appellant) and Doreen Fernandez (respondent) were married 16 years. They have one child, Curtis James, born July 1970. The parties stipulated on all matters except property valuation and division and spousal maintenance.

Appellant is employed by Burlington Northern Railroad full time as a carman/mechanic and has a gross annual income of about $27,000. Appellant has various fringe benefits through his job, including health insurance, dental insurance, paid vacation, and pension.

Respondent is self-employed as a dog groomer and has a gross annual income of about $9,882 if working full time. She worked part time during the marriage. After high school, she was trained as a data key-punch operator, but there is now little demand for this skill. She plans to take a computer programming course at a vocational technical school.

The parties bought their home in 1982 for $60,000. Estimates of the fair market value of the home range from $60,000 to $64,500. The trial court found the value to be $64,500, subject to a mortgage of $20,000, with simple interest of 10%. The parties own unencumbered real estate in Crow Wing County with a market value of $10,000.

The trial court ruled that appellant pay temporary maintenance to respondent of $500 per month for 30 months while she is in school. Appellant was granted physical custody of Curtis. The parties have joint legal custody.

The home was awarded to appellant, subject to a marital lien on behalf of respondent of $29,900. The court arrived at that sum by adding the following amounts:

| | |
|---|---|
| $22,250 | (50% of the equity in the home) |
| 1,500 | (50% of tangible personal property awarded to appellant); |
| 1,150 | (50% of appellants' two savings accounts); |
| 5,000 | (50% of the value of the parties' real estate in Crow Wing County.) |
| $29,900 | TOTAL |

The court then provided:

Said marital lien and mortgage of Respondent shall be due and payable on May 1, 1985. Should Petitioner fail to pay Respondent's mortgage by May 1, 1985, interest shall accrue thereon from the date of the judgment and decree herein at the rate of fourteen percent (14%) simple interest per annum. Respondent shall have the right to move the Court on or after May 1, 1985 for the Court's Order compelling Petitioner to sell any or all of the Petitioner's real property or vehicles in order to satisfy Respondent's lien.

In return, respondent was ordered to quit claim her interest in the home to appellant.

The trial court did not require respondent to pay child support until the 31st month following the entry of the judgment and decree. It reserved the question of child support until the end of that period. Respondent was awarded attorney fees.

## ISSUES

1. Did the trial court err in awarding respondent $29,900 as a lien against appellant's property?

2. Did the trial court err in awarding 14% interest on any part of the lien unpaid by May 1985?

3. Did the trial court err in awarding temporary maintenance of $500 per month for 30 months while respondent is in school, in reserving child support and awarding respondent attorney fees?

## ANALYSIS

■ 1. The trial court has discretion in the valuation and division of the marital property upon dissolution. This decision should not be overturned absent a clear abuse of discretion. *Servin v. Servin,* 345 N.W.2d 754, 758 (Minn.1984).

■ The trial court split the real and personal property of the parties as evenly as possible. There was no error in assigning a lien in the amount of $29,900, nor in setting May 1, 1985 as the date on which the lien was due and payable.

■ 2. Appellant disputes the ruling requiring that he either pay the lien right away or pay usurious interest.

Minn.Stat. § 549.09 (1984) provides for a statutory rate of interest on verdicts and judgments. The statutory rate set by the state court administrator for 1984–85 is 9%. Therefore, it was error to order 14% interest.

■ 3. Maintenance may be provided where the party seeking it lacks sufficient property to provide for reasonable needs especially during training or education. *See* Minn.Stat. § 518.552, subd. 1(a) (1984).

The Minnesota Supreme Court discussed rehabilitative maintenance in *Otis v. Otis,* 299 N.W.2d 114 (Minn.1980). The court focuses on two standards established by § 518.552: (1) the lack of sufficient property, including marital property, to reasonably provide for one's needs; (2) the inability to support oneself through appropriate employment, or the need to stay home to care for a child. *Id.* at 117.

■ This case clearly falls within these standards. Thirty months of rehabilitative maintenance for appropriate training after a 16-year marriage was a reasonable exercise of the court's discretion. There was no error.

■ Appellant disputes the trial court's decision to reserve child support until respondent finishes school.

It would be counterproductive to award an amount of maintenance necessary to provide retraining and then take it away for child support. Under the circumstances, the court did not abuse its discretion by reserving support until the end of respondent's retraining period.

 The appellate court will not overrule the trial court's determination of attorney's fees absent clear abuse of discretion. *See* Minn.Stat. § 518.14 (1984); *see also Deliduka v. Deliduka,* 347 N.W.2d 52, 57 (Minn.Ct.App.1984), *pet. for rev. denied* (Minn. July 26, 1984). The trial court did not abuse its discretion in awarding respondent attorney fees.

## DECISION

We affirm the trial court's ruling on the maintenance issue, reservation of child support until respondent finishes school, and attorney's fees. We reverse on the amount of interest charged on the lien, and remand for application of the statutory interest rate from May 1, 1985. Respondent is awarded $400 attorney's fees in connection with this appeal.