**In re the Marriage of Keith R. NELSON, Petitioner, Appellant,**

v.

**Karen A. NELSON, Respondent.**

**No. C7-86-1577.**

Court of Appeals of Minnesota.

Feb. 17, 1987.

Review Denied April 23, 1987.

John H. McLoone IV, McLoone Law Office, Waseca, for appellant.

James R. Keating, Keating & Peterson, Faribault, for respondent.

Considered and decided by POPOVICH, C.J., and PARKER and LESLIE, JJ., with oral argument waived.

## OPINION

PARKER, Judge.

In this dissolution case, Keith Nelson appeals the trial court's equitable restitution award to his former wife for her financial sacrifices and contributions to the family income while he was in law school and during the "start-up" period of his solo law practice. We affirm.

## FACTS

The facts of this case have been set forth in detail in *Nelson v. Nelson*, 384 N.W.2d 468, 469–70 (Minn.Ct.App.1986) (*Nelson I*). A summary of the significant facts will be set out herein.

Keith and Karen Nelson began living together in 1976 and were married in 1979. In January 1984 the couple separated, and in March 1984 Keith Nelson initiated an action for dissolution. There were no children of the marriage.

While the parties lived together, but before their marriage, Keith Nelson began law school. He received his law degree after the parties were married. While attending law school, Keith worked as a land surveyor and became a registered land surveyor in May 1979. He continued to work in this capacity until 1981. He is now 35 years old.

Karen Nelson, who is now 46 years old, is a high school graduate and a licensed cosmetologist. She has worked full-time for the Faribault school system since 1974 and has also worked part-time as a retail clerk since 1979. Karen has custody of four children by a prior marriage. At the time of her divorce from Keith Nelson, three of the children were minors. Karen receives child support from her first husband for these children.

When the parties' decree of dissolution was entered, the trial court granted Karen a lump sum of $10,681 as restitution for her financial contributions and sacrifices while Keith was going to law school and starting his solo law practice. This award was composed of $155 for Karen's contribution to Keith's education, $1,270 for the

equalization of personal property values, and $9,256 in equitable restitution for the start-up period of Keith's law practice.

The $155 award for Karen's contribution to Keith's law degree was based on the equation and policies set forth in *DeLa Rosa v. DeLa Rosa*, 309 N.W.2d 755 (Minn. 1981). The formula used to arrive at that amount is:

> working spouse's financial contributions to joint living expenses and educational costs of student spouse

> *less*

> ½ (working spouse's financial contributions plus student spouse's financial contributions less cost of education)

> *equals*

equitable award to working spouse. *Id.* at 759 (emphasis in original; footnote omitted). Here the equation yielded the following results:

$$30{,}424 - \tfrac{1}{2}\,(30{,}424 + 47{,}614 - 17{,}500) = 155$$

*See Nelson I*, 384 N.W.2d at 470.

The *DeLa Rosa* formula was used only to determine the $155 award for Karen's contribution to Keith's education. The balance of the restitution award was based on the power of the court to make an equitable award of marital property in dissolution matters. *See Bollenbach v. Bollenbach*, 285 Minn. 418, 426, 175 N.W.2d 148, 154 (1970).

On Keith Nelson's appeal this court found that (1) the record was devoid of any findings to support the equitable restitution award, and (2) the trial court had failed to incorporate its memorandum into the record. *Nelson I*, 384 N.W.2d at 474. The case was remanded with instructions to "consider the parties' net earnings for the relevant periods and to open the record for additional documentation and testimony should it be necessary." *Id.*

Five months later, without any intervening hearings or any additional evidence from either party, the trial court issued

new findings of fact, conclusions of law and order for judgment, incorporating the facts set out in its memorandum as findings of fact. The trial court deemed no additional documentation or testimony necessary and again granted Karen Nelson an award of $10,681.

Keith Nelson again appeals the trial court's actions. He does not contest the award for the equalization of personal property values, but contends that the use of disparate figures to determine the restitution award was unfair. Specifically, he objects to the trial court's use of his net income figures and his former wife's gross income figures.

## ISSUE

Did the trial court abuse its discretion in granting the equitable restitution award to Karen Nelson?

## DISCUSSION

■ The trial court based its restitution award to Karen Nelson on its general equitable powers. An appellate court will not overturn a trial court's distribution of property in a marital dissolution absent a clear abuse of discretion. *Servin v. Servin*, 345 N.W.2d 754, 758 (Minn.1984). The trial court must, however, support its conclusions with findings of fact. *Nelson I*, 384 N.W.2d at 470.

■ Keith Nelson originally provided the trial court with what appear to be taxable income figures. These figures do not accurately reflect the amount of his disposable income any more than Karen Nelson's gross income figures would accurately reflect her disposable income. Although the trial court had this matter under advisement for approximately five months between remand and its issuance of the amended findings, Keith Nelson made no motion to put his net income information before the court. Now the record is back before us in much the same condition as when we first heard this case.

The findings of the court are still not as required by our remand, but in the interests of judicial economy and sparing the parties further expense, we must bring this litigation to an end. The record supports the conclusion that all of Karen Nelson's income was going to support the family, while Keith Nelson's income was being funneled into his fledgling law practice. Keith Nelson took with him whatever accumulated value or assets existed in the law firm when he closed his solo practice and joined an existing firm. Karen Nelson has had no benefit from any of this property.

Karen Nelson went through her accounts and records to determine which party bore the brunt of expenses during the period of Keith Nelson's education and solo law practice. She credited to Keith Nelson any deposit to the family account which she could not substantiate with a deposit slip as hers. Keith Nelson has provided no documentation to substantiate his conflicting figures. The trial court used these figures to redress Karen Nelson's contribution toward building Keith Nelson's solo law practice. This was within the trial court's discretion. Trial courts have the power to invoke equity in the interest of reaching a just result. *Johnston v. Johnston*, 280 Minn. 81, 86, 158 N.W.2d 249, 254 (1968).

## DECISION

The trial court's exercise of equitable powers was not an abuse of discretion. The record sufficiently supports the trial court's actions.

Affirmed.

POPOVICH, Chief Judge (dissenting).

I respectfully dissent for the following reasons:

1. In *Nelson # 1*, 384 N.W.2d 468 (Minn.Ct.App.1986), we remanded for consideration of the parties' net earnings and to open the record for additional documentation and testimony. While a hearing was scheduled on May 2, 1986, it was cancelled because the court file had not yet been returned. Three months later, without any intervening hearings or input from either of the parties, the trial court issued its new

**766**

decision, apparently thinking no additional evidence was needed. The majority finds that the new findings are still not as required by our remand, but in the interests of judicial economy thinks it better bring the litigation to an end.

I disagree with this approach and would remand again to accomplish what this court intended in *Nelson #1*. Otherwise our remand becomes meaningless.

2. While a trial court has equitable powers in matters of this nature, in my opinion this result extends *DeLa Rosa,* relied on by the majority, to a degree not intended by the supreme court. In that case the supreme court was of the view that the award should have been limited to the monies expended by respondent for petitioner's living expenses and any contributions toward petitioner's direct educational costs. The majority here extends *DeLa Rosa* not only to the educational contributions, but also toward the establishment of appellant's law practice. Without more evidence than is here, I disagree with this extension which speculates regarding contribution to the establishment of a profession or business. The proper forum for establishing such an expanded theory is in the supreme court.