In Re the Marriage of Mae L. AMUNDSON, Petitioner, Respondent,

v.

Arlon J. AMUNDSON, Appellant.

No. C1–87–189.

Court of Appeals of Minnesota.

Oct. 27, 1987.

Timothy W.J. Dunn, Faricy & Dunn, St. Paul, for respondent.

Rolin L. Cargill, Jerrold M. Hartke, The Hartke Law Firm, So. St. Paul, for appellant.

Heard, considered and decided by LANSING, P.J., and CRIPPEN and MULALLY *, JJ.

## OPINION

LANSING, Judge.

Arlon Amundson appeals the trial court's property division and allowance of attorney's fees in his marital dissolution action. Mae Amundson requests review of the court's establishment of a voting trust for her stock, the denial of spousal maintenance, and the forgiveness of temporary maintenance arrearages. We affirm in part and vacate in part.

## FACTS

Mae and Arlon Amundson were married in October 1980. It was a second marriage for both and produced no children. Mae Amundson had three children from her previous marriage who lived with the Amundsons.

During the marriage, Mae Amundson worked part-time as a housecleaner and received between $5 and $8.50 per hour. Although she had arthritis which she believed limited her work hours, the trial court found the arthritis was not disabling and that she was in reasonably good health.

Arlon Amundson earned his bachelor's degree in 1957 and taught school until he began work for 3M in 1966. While at 3M, he designed new products for the visual products division and took several engineering courses offered by the company to gain experience in working with computers.

* Acting as judge of the court of appeals by appointment pursuant to Minn. Const. art. 6, § 2.

He next worked for Control Data as a technical advisor for an adult vocational-technical program. He moved later to a subsidiary where he served as a quality assurance engineer with computers.

In 1978 Arlon Amundson started his own consulting business called Expert Development Laboratory. From 1980 to 1982, he was employed at Micro Component Technology, where he designed and built a piece of equipment known as a handler, which tests computer chips. In 1982 he and two associates formed Automatic Electronic Technology, Inc. (AET), to produce handlers similar to the one he had earlier developed. He received one million shares of AET stock when it was incorporated.

Arlon Amundson drew a salary as an officer of AET. However, AET has generated a profit for only three or four months since its formation. He is no longer an officer and has not drawn a salary since December 1985. He received unemployment compensation after his position was officially terminated in June 1986.

The trial court found that the AET stock was marital property and awarded one-half to each party. The court also ordered Arlon Amundson to pay $3,000 in maintenance arrearages, attorney's fees for Mae Amundson, and all debts incurred since the marriage.

Arlon Amundson moved for amended findings and the trial court partially granted his motion by forgiving the $3,000 arrearage in temporary maintenance payments and setting his obligation for Mae Amundson's attorney's fees at $850. The trial court denied his motion to classify the AET stock as nonmarital property, but imposed a voting trust on Mae Amundson's shares.

### ISSUES

1. Did the trial court err in classifying stock acquired during the marriage as marital property, dividing the stock equally between the parties, and imposing a voting trust on respondent's shares?

2. Did the court abuse its discretion in awarding attorney's fees to respondent?

3. Did the court abuse its discretion in forgiving temporary maintenance arrearages?

4. Did the court abuse its discretion in refusing to award respondent spousal maintenance?

### ANALYSIS

**I**

 Property acquired during the marriage bears a presumption that it is marital property. Minn. Stat. § 518.54, subd. 5 (1984). A party claiming a nonmarital classification for property must prove the claim by a preponderance of the evidence. *Kottke v. Kottke*, 353 N.W.2d 633, 636 (Minn.Ct.App.1984), *pet. for rev. denied* (Minn. Dec. 20, 1984).

 Although Arlon Amundson claims the stock is valueless, he nonetheless disputes the trial court's classification and division. He claims the AET stock was issued to him, not for monetary consideration, but in exchange for knowledge, skill and expertise in the field of computers which he acquired before his marriage and is therefore nonmarital under Minn. Stat. § 518.54, subd. 5(c). In order to fit that classification, Amundson must show that the stock is property which was acquired in exchange for real or personal property which he acquired prior to marriage.

Although the shares themselves may be considered personal property, classifiable as marital or nonmarital, the expertise for which they were issued is not real or personal property. *See* Minn. Stat. § 518.54, subd. 5 (1984). Consequently, the shares cannot be considered to be in exchange for property acquired before marriage. The trial court correctly classified the stock as marital property.

 Nor do we find error in the court's equal division of the stock. Property division in a marital dissolution will be disturbed only if the trial court clearly abuses its broad discretion. *Servin v. Servin*, 345 N.W.2d 754, 758 (Minn.1984). The award of half the marital stock to Mae Amundson was within the trial court's discretion.

■ The trial court imposed a voting trust on Mae Amundson's stock to allow Arlon Amundson to retain his vote in the corporation business. A voting trust has been used to avoid the potential disruption of an unwelcome ex-spouse sharing policy-making with the president of a very closely held corporation. *See Castonquay v. Castonquay*, 306 N.W.2d 143, 146 (Minn. 1981).

On appeal Arlon Amundson emphasizes that he is no longer in a decisionmaking position with the corporation and is merely a shareholder. Because the purpose for which the trial court imposed the voting trust no longer exists, we vacate that portion of the order which creates the voting trust.

## II

■ The trial court's amended judgment and decree orders Arlon Amundson to pay $850 for Mae Amundson's attorney's fees. Because he is unemployed, Arlon Amundson contends the allowance of attorney's fees is an abuse of discretion.

In dissolution proceedings the court may order either party to contribute to the attorney's fees of the other, Minn. Stat. § 518.14 (1984), and an award will be upheld absent a clear abuse of discretion. *Solon v. Solon*, 255 N.W.2d 395, 397 (Minn. 1977). Because of the disparity in the parties' earning capacity, we do not find the minimal allowance for attorney's fees is an abuse of discretion.

## III

■ In the amended judgment the trial court forgave Arlon Amundson's obligation of $3,000 for temporary maintenance to offset an inequitable amount of the marital debt which he was ordered to pay. Arlon Amundson claimed an inability to pay the amounts, rather than a willful failure to abide by the court's order. Although the offset method employed by the court was somewhat casual, we do not find an abuse of discretion. A large proportion of the debt was incurred by Mae Amundson and her children. Reapportioning the amount of debt between the parties by offsetting arrearages to balance the debt was within the trial court's discretion.

## IV

■ The trial court did not award continuing spousal maintenance to Mae Amundson in the original judgment and decree, and the issue was not raised in a request for amended findings.

The trial court found Mae Amundson to be in reasonably good health except for non-disabling arthritis. She is self-employed and earning a wage of approximately $5 to $8 per hour. Although Arlon Amundson has a far greater earning capacity, he was unemployed at the time of the dissolution.

The trial court could have taken into account the disparity in earning capacity in awarding spousal maintenance. However, its failure to do so in this case is not an abuse of discretion. The Amundsons' marriage was short-term, each was employed during the marriage, and each is capable of future employment.

## DECISION

Affirmed in part and vacated in part.