E.C.I. CORPORATION v. G.G.C. CO. AND OTHERS.

237 N. W. 2d 627.

January 2, 1976—No. 45356.

*Cox, King & Stern* and *Leo G. Stern,* for appellant.

*Byron W. McCullagh,* for respondent.

Heard before Peterson, Kelly, and MacLaughlin, JJ., and considered and decided by the court en banc.

PETERSON, JUSTICE.

Defendant G.G.C. Co. appeals from a judgment entered in favor of plaintiff E.C.I. Corporation pursuant to the mechanics lien statute, Minn. St. 514.03. Plaintiff, a landscaping company, in August 1971 contracted with defendant, owner of an apartment complex under construction, to supply plantings, sod, and gravel walks for the complex for an agreed price of $55,000. Problems arose, each party became dissatisfied, and finally before the project was substantially completed all work and payments ceased. Plaintiff sued in the district court of Dakota County under the mechanics lien statute, and the court awarded judgment based on the reasonable value of what plaintiff had provided. Defendant appeals from the judgment. We affirm.

Plaintiff asserts initially that defendant's appeal is untimely. The chronology on which plaintiff rests its assertion is as follows: On April 2, 1974, the district court filed the original findings, conclusions, and order for judgment. On May 3, 1974, the clerk of court made a judgment entry which mentioned and conformed to the first order for judgment. Then on June 17,

1974, the clerk made a second judgment entry correcting the mistake in the first and mentioning the amended order for judgment which was filed April 16, 1974. Defendant filed its notice of appeal September 5, 1974. Rule 104.01, Rules of Civil Appellate Procedure, provides that an appeal from a judgment may be taken within 90 days after the entry thereof. This appeal is timely if computed from the entry of the amended judgment, but is not timely if time is computed from the original entry.

Limitations on time to appeal are designed to expedite the final resolution of litigation, with due consideration to fairness and certainty of procedure. Rule 104.01 contemplates that every litigant shall have 90 days, and only 90 days, to take an appeal from a judgment. The 90-day period for appealing any issue raised by a judgment begins at the time that issue first becomes appealable, and once the time begins to run it ordinarily will not be extended.

The disputed application of the rule in this case arises because of a modification of a judgment.[1] We held in Malmgren v. Phinney, 65 Minn. 25, 67 N. W. 649 (1896), that once the time to appeal an issue has expired, it may not later be appealed because of a modification of judgment except that new issues arising from the modification are appealable. Dicta in Billson v. Lardner, 67 Minn. 35, 69 N. W. 477 (1896), at the following term of court, however, suggests an arguable deviation from that holding, although it makes no mention of Malmgren. The correct application of Rule 104.01 is that the time to appeal an issue begins to run anew from a modification of judgment when the issue was for some reason not appealable before the modification.

The rules of this court are designed to effectuate the orderly administration of justice and do not control its jurisdiction, for it retains the constitutional power to hear and determine, as a matter of discretion, any appeal in the interest of justice. A strict

---

[1] Other jurisdictions have varied in their application of limitations on time to appeal in cases of modified judgments, as indicated by the annotation at 21 A. L. R. 2d 285.

application of the rule would bar the appeal in this case, for it appears that the defendant could have raised all its substantive issues on an appeal from the first judgment. Nevertheless, on the peculiar facts of this case, justice is better served by allowing the appeal. We do not consider that the defendant was inexcusably dilatory. When the first judgment was entered it was clearly incorrect; it mentioned on its face that it was entered pursuant to an order which all parties knew had been superseded. It was obvious that the judgment would be corrected so as to comply with the later order of the court, which order was already on file. The judgment was clearly not the final judgment of the court. Even though the defendant should have appealed within 90 days of the first judgment, its appeal was perfected within 90 days of the final judgment and will be allowed.

■ Minn. St. 514.01 gives a lien to certain mechanics, laborers, and materialmen who improve real estate. The extent and amount of this mechanics lien are elucidated by Minn. St. 514.03, which at the time plaintiff's action accrued [2] read in relevant part as follows:

"If the contribution be made under a contract with the owner and for an agreed price, the lien as against him shall be for the sum so agreed upon; otherwise, and in all cases as against others than the owner, it shall be for the reasonable value of the work done, and of the skill, material, and machinery furnished." Minn. St. 1971, § 514.03.

The statute specifically addresses the situation when the contracted project has been completed. In such a case if the lienor has made his contribution under a contract for an agreed price, then the measure of his lien is the sum so agreed upon. Delyea v. Turner, 264 Minn. 169, 118 N. W. 2d 436 (1962). In the situation when the project is incomplete, however, the legislature intended that the lien be measured according to ordinary common-

---

[2] Minn. St. 1971, § 514.03 was revised in L. 1973, c. 247, § 3, effective January 1, 1974, but the relevant matter appears unchanged.

law principles. Thus when the project is incomplete the measure of the lien may vary depending on whether the contract was for a specific price, whether the work is substantially complete, whether the plaintiff or the defendant is in breach, and whether the contract is treated as at an end. In this case the district court's findings show that the contract was for an agreed price, that the project was not substantially complete, that the defendant was in breach, and that the plaintiff chose to treat the contract as at an end. In such circumstances, according to the common-law principles of quantum meruit, the lien should be measured by the reasonable value of the fraction of the project that was completed.

The defendant also urges reversal because the district court admitted at the trial documents containing certain information that had not been produced in pretrial discovery. Plaintiff should have produced these documents, but rulings on the admission of evidence are addressed to the sound discretion of the trial court. The court could conclude, as apparently it did, that plaintiff's failure was without prejudice since virtually all of the information in the challenged documents was already available to the defendant.

Affirmed.