In re the Marriage of: Nadine G. KELLY, Petitioner, Respondent,

v.

Michael J. KELLY, Appellant.

No. C6–83–1863.

Court of Appeals of Minnesota.

May 29, 1984.

Thomas M. Scott, South St. Paul, for appellant.

Jerome M. Rudawski, St. Paul, for respondent.

Considered and decided en banc by PO-POVICH, C.J., and FOLEY, LANSING, HUSPENI, FORSBERG, LESLIE and NIERENGARTEN, JJ.

## OPINION

LANSING, Judge.

Michael Kelly appeals from the Amended Findings of Fact, Conclusions of Law and Order for Judgment (amended judgment) entered on October 19, 1983. This amended judgment governs the amount of life insurance coverage appellant is required to maintain as security for his support obligation and the distribution of personal property of the parties including automobiles, U.S. Savings Bonds, life insurance policies, and his pension plan. Appellant also seeks review of provisions of the original Judgment and Decree (original judgment) entered on September 6, 1983, from which no appeal has been taken. We affirm.

## ISSUES

1. On an appeal from an amended judgment, may appellant obtain review of provisions of the original judgment which were not amended or affected by the amended judgment?

2. Did the trial court abuse its discretion in the division of the real and personal property?

## FACTS

Michael and Nadine Kelly were married in 1971. They have one child who is ten years old. Nadine Kelly works as a bookkeeper and earns $520 gross for each two-week period. At the time of the hearing, she had worked full time for nine months. Michael Kelly has been employed as a mechanic for Northwest Airlines for 18 years. His gross pay is $1,280 for each two-week period.

Michael Kelly owned a home at the time he married Nadine Kelly. He sold the home several months after they were married for a profit of $6,500. The profit was used as a downpayment on another home which was purchased for $28,000 and improved by the Kellys during the marriage. The State acquired this home in an eminent

domain proceeding and awarded the Kellys $43,000. The parties used part of the proceeds of the award, an $8,700 relocation allowance, to purchase the lot for the current homestead. They also borrowed $39,500 to build the house.

The parties stipulated to the following facts:

1. Their homestead has a present market value of $110,000 with a mortgage balance of $36,428;

2. The personal property consisting of household goods, furnishings and motor vehicles has been divided by the parties so that Michael Kelly received property worth $7,700 more than the property received by Nadine Kelly;

3. The parties own U.S. Savings Bonds in the amount of $3,200; and

4. The present cash value of Michael Kelly's pension plan is $4,000.

The trial court's findings included one other asset of the parties, a $70,000 life insurance policy with a cash value of $5,013, maintained by Michael Kelly.

The trial court determined that Nadine Kelly would have custody of the minor child and set child support at $400 per month with a step increase at the end of two years. The court also required that Michael Kelly maintain life insurance for as long as he is obligated to pay child support and that he pay Nadine Kelly $1,200 for attorney's fees. The homestead was awarded to Michael Kelly subject to a $39,000 lien in favor of Nadine Kelly. The court made no conclusions regarding the award of the interests in the life insurance, savings bonds, pension, and personal property.

After the judgment was entered Michael Kelly moved for amended conclusions of law. He asked that certain items of personal property be awarded to him, that Nadine Kelly's lien on the homestead be reduced from $39,000 to $30,000, that his child support obligation be reduced from $400 to $250 per month, and that each party pay his or her respective attorney's fees.

In response to the motion for amended conclusions the trial court denied the motions relating to child support, attorney's fees and the lien on the homestead. The court issued the amended judgment reducing the amount of life insurance that Michael Kelly was required to maintain and awarded Michael Kelly all rights in his pension, the life insurance and the savings bonds, and awarded each party the personal property in his or her possession.

## ANALYSIS

### I

Michael Kelly appeals from the amended judgment, but seeks review of conclusions of law contained in the original Judgment and Decree. He contends that the homestead lien in favor of Nadine Kelly should have been $30,000 instead of $39,000, child support should have been $250 instead of $400 per month, and he should not have been required to pay attorney's fees for Nadine Kelly.

Where the original judgment was not appealed, issues which could have been reviewed in such an appeal and were undisturbed by the amended judgment are not reviewable on appeal from the amended judgment. *Dennis Frandsen & Co., Inc. v. County of Kanabec*, 306 N.W.2d 566 (Minn.1981). There are, of course, cases which may warrant a deviation from this rule. In *E.C.I. Corp. v. G.G.C. Co.*, 306 Minn. 433, 435–36, 237 N.W.2d 627, 629 (1976), the court found that justice was better served by allowing an appeal even though a strict application of the rule would have barred the appeal. In this case, we find that no injustice will result from adhering to the proper rule of procedure. Therefore, we hold that the issues of child support and attorney's fees which could have been reviewed in an appeal from the original judgment and were undisturbed by the amended judgment are the law of the case and are not reviewable in an appeal from the amended judgment.

## II

The amended judgment does deal with the division of property between the parties. Because it might fairly be argued that the property division in the original judgment and decree is affected by the amended judgment as defined in *Frandsen,* we will review Michael Kelly's contention relating to the property division.

■ In dissolution actions, the trial court is accorded broad discretion in dividing property and its decision will not be overturned by this court except for a clear abuse of that discretion. *Reck v. Reck,* 346 N.W.2d 675 at 678 (Minn.App.1984). Under Minn.Stat. § 518.58 (1982), the trial court must make a just and equitable disposition of the property. There is no requirement that the awards be equal. *Ruzic v. Ruzic,* 281 N.W..2d 502 (Minn.1979). We have calculated the total property distribution made to each of the parties in this case and have found that not only were the awards just and equitable, but they were essentially equal.

The trial court awarded the homestead with a net value of $73,571 to Michael Kelly. Nadine Kelly was given a lien on the homestead in the amount of $39,000. The parties themselves agreed to a division of personal property consisting of household goods, furnishings and motor vehicles. In this division, Michael Kelly received property worth $7,700 more than the property received by Nadine Kelly. Michael Kelly was awarded savings bonds in the amount of $3,200, his pension plan, and the cash value of the life insurance. In making the determination that the awards were essentially equal, due credit has been given to Michael Kelly for his nonmarital property according to the guidelines set forth in *Schmitz v. Schmitz,* 309 N.W.2d 748 (Minn. 1981). We conclude that the trial court did not abuse its discretion in the division of property to the parties.

### DECISION

We affirm the amended judgment. The trial court did not abuse its discretion in dividing the property between the parties.

Affirmed.