In re the Marriage of Nadine G.
KELLY, petitioner, Respondent,

v.

Michael J. KELLY, Appellant.

No. C6–83–1863.

Supreme Court of Minnesota.

July 19, 1985.

Thomas M. Scott, South St. Paul, for
appellant.

Jerome M. Rudawski, St. Paul, for re-
spondent.

AMDAHL, Chief Justice.

The appellant, Michael Kelly, appealed to
the court of appeals from the trial court's
judgment and decree dissolving his mar-
riage. Appellant sought to challenge on
appeal the trial court's award of child sup-
port and attorney fees and the trial court's
division of the marital property. In his

notice of appeal, appellant referred only to the amended judgment; the amended judgment did not alter the award of child support and attorney fees set forth in the original judgment. The court of appeals concluded that because the notice of appeal did not refer to the original judgment, and the amended judgment did not affect the original award of child support and attorney fees, appellant had not taken an appeal on these issues. *Kelly v. Kelly*, 348 N.W.2d 397 (Minn.App.1984). The court of appeals ruled that the child support award and the award of attorney fees were the law of the case and not reviewable. The court of appeals reviewed the property disposition because the amended judgment arguably affected it, affirming the trial court on this point. Appellant petitioned this court for review, contending that the court of appeals erred by not reviewing the awards of child support and attorney fees, and renewed his claim that the trial court improperly divided the property. We affirm the trial court's disposition of the property, but reverse and remand the remaining issues to the court of appeals so that it may review them on the merits.

1. The trial court issued its findings of fact, conclusions of law, order for judgment, and judgment and decree on September 6, 1983. The court dissolved the marriage of Michael and Nadine Kelly and awarded custody of their minor child to Nadine Kelly. Michael Kelly was ordered to pay $400 per month in child support commencing on September 1, 1983. The court provided for a step increase in this payment to $500 per month beginning on September 1, 1985. Michael Kelly was required to maintain a life insurance policy of $70,000 face value with the minor child as sole beneficiary. The court awarded no spousal maintenance and gave Michael Kelly title to the homestead subject to a $39,000 lien in favor of Nadine Kelly. Finally, the court awarded Nadine Kelly attorney fees of $1,200.

On September 16, 1983, Michael Kelly moved the court for amended findings of fact and conclusions of law. He asked that his child support obligation be reduced to $250 per month, that the step increase be deleted, and that he be required to keep a life insurance policy with face value of $35,000 (instead of $70,000) for the benefit of the minor child. He also sought a reduction in Nadine Kelly's lien upon the homestead from $39,000 to $30,000 and asked that the attorney fees award be eliminated. Finally, he asked the court to explicitly award him title to his pension plan, U.S. Savings Bonds, and life insurance policies.

The trial court partially granted Michael Kelly's requests for amendment on October 19, 1983, by issuing its amended findings of fact, conclusions of law, and order for judgment. Judgment was entered on the same day. The court reduced the amount of life insurance Michael Kelly was required to maintain and awarded Michael Kelly title to his pension, life insurance, and savings bonds. Each party was awarded the personal property in his or her possession. The court denied Michael Kelly's motions regarding child support, attorney fees, and Nadine Kelly's lien on the homestead.

On November 21, 1983, Michael Kelly filed the following notice of appeal with the Clerk of Appellate Courts:

Please take notice that the above-named respondent appeals to the Court of Appeals of the State of Minnesota from the Amended Findings of Fact, Conclusions of Law, Order for Judgment and Judgment and Decree of the court entered on the date shown.

The notice listed October 19, 1983, as the date judgment was entered. In his brief to the court of appeals, Michael Kelly challenged the trial court's award of child support and the award of attorney fees to Nadine Kelly, and asked for a reduction in the size of the lien on his homestead.

The court of appeals, sitting en banc, ruled that because Michael Kelly appealed from the amended judgment and not the original judgment, he could not raise issues left undisturbed by the amendment. The court of appeals ruled that appellant had not appealed the trial court's award of child support and attorney fees and that the trial

court's decision on these matters was therefore the law of the case. The court of appeals cited *Dennis Frandsen & Co., Inc. v. County of Kanabec*, 306 N.W.2d 566 (Minn.1981), for the proposition that where an original judgment is not appealed, issues which could have been reviewed in such an appeal and were not disturbed by an amended judgment are not reviewable on appeal from the amended judgment. The court of appeals noted that this rule is sometimes not strictly applied when justice is better served by allowing the appeal, citing *E.C.I. Corp. v. G.G.C. Co.*, 306 Minn. 433, 237 N.W.2d 627 (1976). The court concluded, however, that "no injustice will result from adhering to the proper rule of procedure." *Kelly*, 348 N.W.2d at 399.

As an initial matter, both cases relied upon by the court of appeals are distinguishable from the present case. *Frandsen* and *E.C.I.* involved the timeliness of an appeal, not interpretation of a notice of appeal. In *E.C.I.*, the court considered an appeal that was timely if computed from the entry of an amended judgment, but not timely if computed from the entry of the original judgment. *E.C.I.* at 435, 237 N.W.2d at 629. The court noted that once the time to appeal a judgment expires, it is not ordinarily extended. *Id.* If that judgment is subsequently modified, only new issues arising from the modification are appealable. Since the issues appellant raised in *E.C.I.* were unaffected by the amended judgment, the appeal was barred as untimely. The court, however, considered it in the interests of justice. *Id.* In *Frandsen*, the trial court, by judgment dated September 19, 1979, invalidated an interim zoning ordinance because its enactment exceeded the authority conferred on the Board of Supervisors by a recent election. 306 N.W.2d at 567. On June 3, 1980, the trial court amended its original judgment to also invalidate a permanent zoning ordinance because it exceeded the authority conferred by the same election. *Id.* at 569. The township timely appealed from this judgment and wished to challenge the trial court's determination, made in its first judgment, that the election empowered the

Board of Supervisors to adopt only a non-comprehensive zoning plan of limited duration. *Id.* at 570. This court ruled that the *time* to appeal from the first judgment had expired and did not begin to run anew by reason of an amendment that left the initial determination undisturbed. *Id.*

In the present case, the notice of appeal was filed within 90 days of *both* the original judgment and the amended judgment; timeliness is not a concern. The court of appeals ruled that where the notice of appeal refers only to an amended judgment, no appeal is taken from the original judgment, and issues not affected by the amendment cannot be raised. *Kelly* at 399. Neither *Frandsen* nor *E.C.I.* set forth or discussed the contents of the notice of appeal as a basis for precluding review of issues unaffected by the amended judgment. In fact, assuming that the notice of appeal had mentioned the original judgment, as well as the amended judgment, in both cases, review of issues dealt with by the original judgments would nevertheless have been barred because the appeals were untimely. In the present case, mention of both judgments would have clearly preserved all issues for appeal. The authority upon which the court of appeals relies thus provides no support for its conclusion.

■■■ The court of appeals' decision seems to rest upon a strict interpretation of Minn.R.Civ.App.P. 103.01, subd. 1(c), which provides that the notice of appeal contain "a statement specifying and describing the judgment or order from which the appeal is taken." This court, however, has repeatedly held that notices of appeal are to be liberally construed in favor of their sufficiency. *See, e.g., State v. Herem*, 365 N.W.2d 771 (Minn.1985); *Riener v. First National Bank*, 257 Minn. 324, 101 N.W.2d 145 (1960); *Village of Aurora v. Commissioner of Taxation*, 217 Minn. 64, 14 N.W.2d 292 (1944); *In re Andrus' Estate*, 96 Minn. 342, 105 N.W. 66 (1905); *Minnesota Debenture Co. v. Johnson*, 96 Minn. 91, 104 N.W. 1149 (1905). Thus, a notice of appeal is sufficient if it shows an intent to

appeal and the order appealed from apprises the parties of the issues to be litigated on appeal. A notice of appeal is not insufficient due to clerical errors or defects which could not have been misleading. *Village of Aurora*, 207 Minn. at 69, 14 N.W.2d at 297.

■ The line of cases holding that notices of appeal are to be liberally construed deal with omissions and errors arguably more minor than the appellant's failure to indicate both the judgment and amended judgment in the notice. *See, e.g., In Re Hore's Estate*, 220 Minn. 365, 19 N.W.2d 778 (1945) (erroneous date for when judgment entered does not affect validity of appeal when there was only one judgment and the respondent was not misled); *Village of Aurora v. Commissioner of Taxation*, 217 Minn. 64, 14 N.W.2d 292 (1944) (notice of appeal referred to an order and then listed factors used in valuation of property that would be challenged; court ruled appeal to be from entire order, the list of specific factors challenged being mere surplus language); *In re Andrus' Estate*, 96 Minn. 342, 105 N.W. 66 (1905) (appellant appealed in his notice from an order granting certain monetary relief and denying other monetary relief; court held

that notice appealed from entire order although it referred only to that part granting relief, and that appellant could challenge the denial of relief). In the present case, however, it is clear that appellant intended to appeal from the entire judgment, as amended, and that his notice of appeal did not mislead. Appellant attached to the notice of appeal copies of both the original and the amended findings of fact, conclusions of law, and judgment. Respondent replied to appellant's brief to the court of appeals on the merits and asserted no claim that appellant had failed to properly appeal the issues of child support and attorney fees. The court of appeals found these issues not reviewable on its own motion. Appellant was not trying to appeal from a nonappealable order; his right to appeal had matured and had not yet expired. The court of appeals' decision in this case rests upon a technical reading of the notice of appeal.[1] Its refusal to review the awards of child support and attorney fees was erroneous.[2]

■ 2. In dissolution cases, the trial court is given broad discretion in dividing property between the parties. A trial court's distribution of property will only be

---

1. In a situation identical to the present case, the Montana Supreme Court found that the notice of appeal preserved all issues for review both from the original and the amended judgment. *Tefft v. Tefft*, 628 P.2d 1094 (Mont.1981). In *Tefft*, the original judgment dissolved the marriage of the parties, set child support, divided the property, and ordered each party to pay his or her attorney fees. Both parties moved to amend the judgment and the trial court decided to alter some aspects of the original judgment on child support and the division of property. The notice of appeal stated that appellant was appealing from the amending order. Respondent then argued that the appeal should be limited to issues which arose from the amending order because the Montana Rules of Civil Appellate Procedure provide that the notice of appeal designate the judgment or order appealed from and the original judgment was not mentioned. Respondent contended that a specific notice of appeal from the original judgment was required to allow review of that judgment. The Montana Supreme Court concluded that—

Respondent's contention ignores the interdependent nature of the amending order and the

original decree. * * * The intertwinement of an amending order and an original judgment necessitates review of all issues contained in both; thus an appeal from either incorporates all issues of both for review. This holding is in keeping with the philosophy of modern appellate practice that technical defects of procedure should not bar a party from access to the courts. The situation involving an appeal from an amending order, as is the case here, must be distinguished from situations where a party appeals from one order in a series of separate and distinct orders, or from one part of a divisible judgment. * * * Petitioner's notice of appeal is sufficient to preserve all issues for review.

628 P.2d at 1097 (citations omitted).

2. *Cf. Boom v. Boom,* 361 N.W.2d 34 (Minn.1985) (remanding a case to the court of appeals because dismissal of an appeal for noncompliance with the Rules of Civil Appellate Procedure is an inappropriate sanction when failure to follow the rules does not affect the jurisdiction of the court and does not prejudice the other party).

overturned if the trial court has abused its discretion. *Taylor v. Taylor*, 329 N.W.2d 795 (Minn.1983). Appellant argues that the trial court did not give due allowance to his nonmarital interest in the homestead and seeks to reduce Nadine Kelly's lien on the homestead. The court of appeals affirmed the trial court on this issue. We have reviewed the disposition of the property and conclude that the trial court's division of the property shows due allowance for Michael Kelly's nonmarital interest in the homestead under the guidelines set forth in *Schmitz v. Schmitz*, 309 N.W.2d 748 (Minn. 1981).

We accordingly affirm the court of appeals' affirmance of the trial court's division of the property. We reverse and remand the issues concerning child support and attorney fees to the court of appeals for a decision on the merits.

Affirmed in part, reversed in part, and remanded.