William D. PISCHKE, Appellant,

v.

Steven KELLEN, City of Pipestone,
and County of Pipestone,
intervenor, Respondents.

No. CX–85–2048.

Court of Appeals of Minnesota.

March 25, 1986.

Thomas B. Schway, St. Paul, for appellant.

William M. Thompson, Willmar, for respondent, Steven Kellen.

Wayne Tritbough, Minneapolis, for respondent, City of Pipestone.

T. Michael Kilbury, St. Paul, for respondent, County of Pipestone.

Heard, considered and decided by POPOVICH, C.J., and LANSING and HUSPENI, JJ.

## OPINION

POPOVICH, Chief Judge.

This appeal is from an order granting respondent summary judgment and denying appellant's motion for amended complaint. Appellant claims the trial court (1) should have permitted an amended complaint to clarify appellant's causes of action and (2) erred in granting summary judgment because claims against respondent have not been released as a matter of law. We affirm.

## FACTS

On January 9, 1983, appellant deputy sheriff William Pischke of Pipestone County was proceeding in his squad car to an accident west of Pipestone on Highway 30. Volunteer firefighter Steven Kellen simultaneously was proceeding northbound on Eighth Avenue to the Pipestone fire station. He had received a call from the fire department dispatcher regarding the same accident. It was snowing that night, the snow was accumulating and the roads were slippery.

Kellen was in a hurry to arrive at the fire station. Only the first seven volunteers there are permitted to attend the fire and be paid. He knew, however, the fire chief disliked volunteers proceeding at high speed to the station and was therefore driving accordingly. Kellen was travelling 20 miles per hour down Eighth Avenue. Enroute he and the two other volunteer firefighters travelling with him realized they would not be among the first seven. They decided to proceed to the station to satisfy their curiosity and provide any additional help. Kellen slowed from 20 miles per hour about 30 feet from Eighth Avenue's intersection with Highway 30.

Kellen was required to stop at the intersection's stop sign, but he slid on ice and was unable to stop his pickup truck. Travelling through the intersection, Kellen collided with appellant driving him into a telephone pole. Appellant was not required to stop at the intersection. Kellen was cited and later paid a fine for travelling too fast under the conditions.

Appellant sued Kellen in June 1983 alleging damages greater than $50,000. In November 1983, appellant amended his complaint to include respondent City of Pipestone. The only allegation implicating respondent city stated:

· That Defendant, Steven Kellen, on January 9, 1983, was an employee of the City of Pipestone and was in the performance of his duties.

The County of Pipestone was permitted to intervene as provider of appellant's worker's compensation benefits.

On April 4, 1985, appellant signed a *Pierringer* release of Kellen for $50,000. Appellant in the release reserved the right to pursue claims against other defendants, stating:

> It is further expressly understood and agreed that William Pischke and [his wife] reserve to themselves and preserve the balance of the whole claim, demands and causes of action against any and all persons and parties other than Steven Paul Kellen, and that they do not by this compromising settlement intend to release or discharge from liability any person or party or entity other than Steven Paul Kellen.

Appellant also agreed to indemnify Kellen, stating:

> As a further consideration of this release, William Pischke and [his wife] agree to indemnify and save harmless Steven Paul Kellen from any claim or contribution, indemnity or subrogation made or to be made by any other persons and entities who may be at fault and share responsibility for the damages and injuries incurred by William Pischke and [his wife] and they agree to satisfy such fraction or portion or percentage of the judgment as the causal negligence or fault of Steven Paul Kellen is adjudged or determined to be of all causal negligence or fault of all tort-feasors.

Intervenor County of Pipestone signed an identical release of Kellen on March 27, 1985.

On June 24, 1985, respondent City of Pipestone moved for summary judgment asserting its liability as solely vicarious and therefore being entitled to full indemnity from Kellen. Because appellant had agreed to satisfy any indemnity claim against Kellen, respondent city claimed any damages assessed against it would ultimately be borne by appellant.

On August 12, 1985, appellant moved to amend his complaint and deny respondent city's summary judgment motion. Appellant's amendment would allege respondent city's direct negligence as a result of its policy to pay only the first seven volunteers to arrive at the fire station. Appellant claimed that policy mandated careless and reckless driving by volunteer firemen.

By order on October 4, 1985, the trial court denied appellant's motion to amend and granted respondent city's motion for summary judgment. Summary judgment was entered on October 4, 1985. Appeal is made from the order for summary judgment. Intervenor County of Pipestone did not file its own appeal and acts here as respondent in support of appellant's claims.

## ISSUES

1. Did appellant file a proper appeal?

2. Did the trial court abuse its discretion in denying an amended complaint?

3. Was summary judgment proper?

## ANALYSIS

1. Appellant's notice of appeal states appeal is made from "an Order of the Court" denying his motion to amend his complaint and granting respondent city's summary judgment motion.

> An order for judgment is not an appealable order. There is a right of appeal only from a judgment or an order enumerated in Rule 103.03. An appeal from any order not specifically included in Rule 103.03 is discretionary, and permission must be sought by petition as provided in Rule 105.

Minn.R.Civ.App.P. 103.03 comment.

> [A] notice of appeal is sufficient if it shows an intent to appeal and the order appealed from apprises the parties of the issues to be litigated on appeal. A notice of appeal is not insufficient due to clerical errors or defects which could not have been misleading.

*Kelly v. Kelly*, 371 N.W.2d 193, 195–96 (Minn.1985).

Here, appellant attached both the trial court order and the judgment to his notice of appeal. *Cf. id.* at 196. Appellant's statement of the case states, "This Appeal is brought from an Order and Judgment of the Pipestone District Court dated October

4, 1985." Respondent city addressed the merits of appellant's claims and did not challenge the propriety of the notice of appeal. *Cf. id.* Had the notice of appeal mentioned the judgment, all issues for appeal would clearly have been preserved.

"[N]otices of appeal are to be liberally construed in favor of their sufficiency." *Id.* at 195. Although this notice of appeal is technically incorrect and appeal inconsistent with Minn.R.Civ.App.P. 103.03 is strongly discouraged, in this instance the notice of appeal was not so defective as to be misleading, considering the statement of the case referred to the judgment as well. Respondents were not prejudiced. We therefore review appellant's claims.

2. Appellant claims the trial court should have allowed him to amend his complaint to include a direct negligence cause of action against respondent city because the city would not be prejudiced as the matter is still in the discovery stage. He also claims the best interests of justice would be served because he has not yet received full compensation for his injuries.

The decision whether to permit a party to amend pleadings rests within the discretion of the trial court and will not be reversed in the absence of clear abuse of such discretion.

*Warrick v. Giron,* 290 N.W.2d 166, 169 (Minn.1980); *see* Minn.R.Civ.P. 15.01. Amendment is liberally permitted and is generally granted absent prejudice to the adverse party. *Wilson v. City of Eagan,* 297 N.W.2d 146, 151 (Minn.1980).

Appellant seeks to amend to allege direct negligence by respondent city claiming its policy of paying only the first seven volunteers caused volunteers to race to the fire station while driving recklessly. The trial court's memorandum stated the trial court was presented with no evidence to support appellant's claim.

Respondent city argues appellant had two years to discover relevant evidence. Appellant did take depositions of Kellen and the Pipestone fire chief regarding the fire department's policy and practice. The evidence does not establish Kellen was racing to the fire station because of department policy. He was aware of and practiced the fire chief's strict policy regarding volunteer firefighters obeying traffic rules and driving not in excess of posted speed limits when responding to a fire call. No evidence was discovered demonstrating a pattern of reckless volunteer driving caused by department policy. Instead, department policy required judicious driving.

At oral argument appellant argued respondent city was negligent in not providing its volunteer firefighters with sirens or reflective safety devices. Privately-owned vehicles of volunteer firefighters are not authorized emergency vehicles. *See* Minn.Stat. § 169.01, subd. 5 (1984). Only authorized emergency vehicles may be equipped with sirens. *See id.* § 169.68. Kellen testified department policy required volunteers to turn on their vehicle's headlights and four-way flashers when responding to a call. He had done so that night. Volunteers were also supplied with a reflective bumper sticker which Kellen had affixed to his truck. Given this evidence, respondent city was not negligent in failing to provide its volunteers with those devices.

The Minnesota Supreme Court has denied amendment where it legally would serve no purpose. *See Eisert v. Greenberg Roofing & Sheet Metal Co.,* 314 N.W.2d 226, 228 (Minn.1982) (amendment properly denied where claim for punitive damages would have been disallowed anyway); 1 D. Herr & R. Haydock, *Minnesota Practice* § 15.5 (1985). Here, amendment would not serve a legal purpose because appellant has failed to establish evidence to support the allegation he seeks to amend.

3. Appellant claims summary judgment was improper because whether Kellen was racing to the fire station is a material fact subject to genuine issue and his vicarious liability cause of action against respondent city has not been released as a matter of law.

Summary judgment may be granted if "there is no genuine issue as to any material fact and \* \* \* either party is entitled to

a judgment as a matter of law." Minn.R. Civ.P. 56.03.

> On appeal from a summary judgment it is the function of this court only to determine (1) whether there are any genuine issues of material fact and (2) whether the trial court erred in its application of the law.

*Betlach v. Wayzata Condominium*, 281 N.W.2d 328, 330 (Minn.1979).

The trial court's memorandum stated "no evidence in any form" supported appellant's allegation Kellen was racing to the fire station. But Kellen was cited for driving too fast under the conditions and said he was initially in a hurry to arrive at the fire station. Contrarily, Kellen stated he was aware of the fire chief's strict policy regarding safe driving and was driving accordingly that night. He was driving only 20 miles per hour before braking for the intersection.

While a conflict regarding this issue may exist, whether Kellen was racing is not a material fact.

> A material fact is one of such a nature as will affect the result or outcome of the case depending upon its resolution.

*Rathbun v. W.T. Grant Co.*, 300 Minn. 223, 229, 219 N.W.2d 641, 646 (1974). Here, whether Kellen was "racing" is not dispositive. Even if he was, evidence does not establish a causal connection between fire department policy and any unorthodox driving by Kellen. Amendment of appellant's complaint to include a direct negligence allegation is not justified. Because any liability of respondent city would be therefore solely vicarious, appellant has by effect of the *Pierringer* release precluded a net recovery against respondent city.

Appellant's complaint as first amended seeks recovery against respondent city based solely on vicarious liability for Kellen's actions. Where liability is solely vicarious, the vicariously liable party is entitled to full indemnity by the party who caused injury. *See Polaris Industries v. Plastics, Inc.*, 299 N.W.2d 414, 420 (Minn.1980). Here, respondent, if found vicariously liable, would be entitled to full indemnity

from Kellen. But appellant by *Pierringer* release agreed to indemnify Kellen in turn. Appellant is precluded from a net recovery against respondent city. *See* Simonett, *Release of Joint Tortfeasors: Use of the* Pierringer *Release in Minnesota*, 3 Wm. Mitchell L.Rev. 1, 23–25 (1977).

Because appellant is precluded by law from a net recovery against respondent city, the trial court did not err in granting summary judgment to dismiss.

### DECISION

Appellant's notice of appeal, although technically incorrect, is not in this instance so deficient as to be misleading. The trial court did not abuse its discretion in denying amendment of appellant's complaint. Summary judgment was proper.

Affirmed.