**Violet BROWN, Respondent,**

v.

**FIRST GROWTH, INC., a/k/a Business Constructors, Inc., defendant, and**

**Heather Dunsheath, Appellant.**

**No. C2–85–2271.**

Court of Appeals of Minnesota.

May 13, 1986.

Steven J. Vodonik, Minneapolis, for respondent.

Michael D. Schwartz, Thomas F. Miley, Minneapolis, for appellant.

Heard, considered and decided by SEDGWICK, P.J., and PARKER and FORSBERG, JJ.

## OPINION

SEDGWICK, Judge.

Violet Brown sued Heather Dunsheath to recover on a promissory note given by Dunsheath and Business Constructors, Inc. (Business Constructors). Business Con-

structors was never served with a summons and complaint. The court ordered judgment for Brown. Dunsheath appeals. Appellant did' not move for amended findings or new trial. We affirm.

## FACTS

Dunsheath was principal stockholder in and president of a corporation called Insulation Sales Company (Insulation Sales). Brown was also a shareholder. As part of an attempt to refinance the failing corporation, Dunsheath sought to purchase Brown's shares. A holding company, Business Constructors, was to be formed and would have an option to purchase the shares of Insulation Sales.

In exchange for Dunsheath's $10,000 note, Brown was to transfer her Insulation Sales shares, a promissory note from Insulation Sales to Brown's husband, and a security interest in Insulation Sales's assets that had been given to secure the note from Insulation Sales to Brown's husband. The parties' agreement is set forth in a letter dated March 15, 1979.

A promissory note dated April 8, 1980, payable to Brown, was executed by Business Constructors and Dunsheath in her individual capacity. One installment on the note was paid. When no further payments were forthcoming, Brown sued.

At trial, Dunsheath argued that the note was unsupported by consideration, that conditions precedent were not satisfied, and that the case should be dismissed for failure to join an indispensable party. The trial court found that Dunsheath received sufficient consideration for the note, and determined that she was indebted to Brown for the unpaid balance of $10,016.23.

The trial court issued its order for judgment on August 30, 1985. Judgment was entered on November 21, 1985, at appellant's request.

Appellant filed her notice of appeal on December 11, 1985. The notice refers to a judgment entered August 30, 1985. However, a copy of the November judgment is also attached to the notice of appeal.

## ISSUES

1. Is the notice of appeal sufficient to initiate appeal from the judgment?

2. Does the record support the trial court's findings of fact and conclusions of law?

3. Should Business Constructors, the co-maker on the note, have been joined as an indispensable party?

## ANALYSIS

1. Notices of appeal are to be liberally construed in favor of their sufficiency. *Kelly v. Kelly*, 371 N.W.2d 193, 195 (Minn.1985). A notice of appeal is sufficient if it demonstrates intent to appeal and the order appealed from reveals the issues to be litigated on appeal. *Id.* at 195–96 (citations omitted). A notice is not insufficient due to defects that could not have been misleading. *Id.* at 196. *See also Pischke v. Kellen*, 384 N.W.2d 201 (Minn.Ct.App.1986); *Valley Farmers' Elevator v. Lindsay Brothers Co.*, 380 N.W.2d 874 (Minn.Ct.App.1986).

The main factor to be considered when evaluating the sufficiency of a notice of appeal is whether the error in the notice renders the notice misleading. This notice does not mislead. The order appealed from sufficiently apprised respondent of the issues to be litigated. Respondent has not been prejudiced by appellant's error; she has submitted a brief thoroughly discussing all the issues.

2. Absent a motion for amended findings or new trial, the only questions for this court are whether the evidence sustains the findings of fact and whether the findings support the conclusions of law. *Gruenhagen v. Larson*, 310 Minn. 454, 458, 246 N.W.2d 565, 569 (1976).

Appellant's claims of lack of consideration and breach of conditions precedent are reviewable under this narrow scope of re-

view. However, the record on appeal comprises only the pleadings, the letter agreement, and the promissory note. Appellant makes numerous factual allegations, purportedly substantiated by testimony, in support of her arguments. Respondent disputes some of these allegations.

Appellant bears the burden of providing an adequate record for appeal. *Custom Farm Services v. Collins,* 306 Minn. 571, 238 N.W.2d 608 (1976) (where no transcript is ordered, the court cannot review the sufficiency of the evidence). Appellant's failure to provide a transcript makes meaningful review impossible.

3. The rule regarding joinder of parties provides:

> A person who is subject to service of process shall be joined as a party in the action if (1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest.

Minn.R.Civ.P. 19.01.

There is no danger here of incomplete relief or multiple liability. Under the UCC, Dunsheath and Business Constructors are jointly and severally liable on the note. *See* Minn.Stat. § 336.3–118(e) (1984). *See also* J. White & R. Summers, *Uniform Commercial Code* § 13–7 (2d ed. 1980) (comakers are not indispensable parties; comaker can bring an action for contribution against the other). The trial court did not err in refusing to dismiss for failure to join an indispensable party.

## DECISION

The trial court's decision is affirmed.