Theresa FRITZ, et al., Respondent,

v.

Chester FRITZ, et al., Appellants.

No. C4–86–287.

Court of Appeals of Minnesota.

Aug. 12, 1986.

Raymond W. Faricy, Jr., Timothy W.J. Dunn, St. Paul, for respondent.

Chester Fritz, pro se.

Considered and decided by SEDGWICK, P.J., and FORSBERG and LESLIE, JJ., with oral argument waived.

## OPINION

SEDGWICK, Judge.

This appeal is from a judgment in a partition action awarding Chester and Evelyn Fritz a one-third interest in certain real estate. We dismiss the appeal.

## FACTS

This dispute arose out of a motion by Chester Fritz to obtain an 80% share of a duplex involved in the probate of Stiles Fritz's estate. The motion was denied on January 7, 1985.

Theresa Fritz and Luella (Fritz) Stettner then brought a partition action against Chester and Evelyn Fritz, husband and wife, in July 1985. They sought to have the court declare that Theresa Fritz and Luella Stettner each had a one-third interest in the duplex.

The court found that Theresa acquired a one-third interest from the estate of her deceased husband. Each of the three siblings (Chester, Stiles and Luella) had contributed labor, money and materials toward the acquisition and maintenance of the property.

The following memo was attached to the judgment:

> Defendant Chester Fritz contends that he is entitled to a disproportionate share of the proceeds from the sale of the subject property. He alleges that this is so because the work and monies that he expended early on were greater than his brother's and sister's. Mrs. Stettner's version of what occurred is quite different, and obviously Stiles Fritz is in no position to offer an explanation as to what occurred. The actions of the parties however speak clearly, i.e. that Mrs. Stettner and the deceased Stiles Fritz for some seventeen years managed and maintained the property. During all this time Chester Fritz participated not at all. It was not until Stiles had passed away and was no longer in a position to defend his interest that Chester Fritz seriously asserted a disproportionate ownership interest. Based upon the actions of the parties over almost two decades, the law raises up a contract which is implied in fact and by action.

The court ordered the property to be sold.

Appellant made no motion for amended findings and did not order a transcript of the hearing for his appeal.

## ISSUE

Is the evidence sufficient to support the judgment?

## DISCUSSION

In the absence of a motion for a new trial, the only questions for the appellate court are whether the evidence sustains the findings of fact and whether the findings support the conclusions of law. *Gruenhagen v. Larson,* 310 Minn. 454, 458, 246 N.W.2d 565, 569 (1976).

Appellant failed to meet his burden of providing an adequate record for reviewing the sufficiency of the evidence, which is essentially all that can be reviewed, by neglecting to provide a transcript of the hearing. *See e.g., Custom Farm Services v. Collins,* 306 Minn. 571, 572, 238 N.W.2d 608, 609 (1976). Meaningful review in this case is impossible without a transcript. *See Brown v. First Growth, Inc.,* 386 N.W.2d 794, 797 (Minn.Ct.App.1986).

## DECISION

Appeal dismissed.