MCKEIG, Justice.
*864 Relators Lake Country Power Cooperative, Mille Lacs Energy Cooperative, and Peoples Energy Cooperative (collectively, "the Cooperatives") each separately appealed the valuation orders of the Commissioner of Revenue ("the Commissioner") for the 2014, 2015, and 2016 tax years. The tax court dismissed the appeals as untimely because they were not filed within the 60-day deadline for appeals from orders of the Commissioner, see Minn. Stat. §§ 271.06, subd. 2 ; 273.372, subd. 2(b) (2016). The Cooperatives appealed, arguing that the tax court failed to recognize that the two appeal paths provided by subdivision 2 of Minnesota Statutes § 273.372 effectively establish a single deadline, namely, April 30 of the year in which the tax becomes payable. Because the two appeal paths provided by section 273.372 apply to distinct steps in the property tax assessment process and therefore have separate deadlines, and because the Cooperatives' notices of appeal were governed only by a 60-day deadline, and were therefore untimely, we affirm the decision of the tax court.
FACTS
The Cooperatives are electricity distribution cooperatives that operate electric power companies. Their property-transmission lines and certain equipment-is assessed by the Commissioner at estimated market value. Minn. Stat. § 273.37, subd. 2 (2016). On or before August 1 each year, the Commissioner certifies the assessed values to the city or county assessor in which the property is located. Id. ; see also Minn. R. 8100.0200 (2015) (stating that after the Commissioner establishes the estimated value, "the portion" of the utility's taxable system allocated to Minnesota "is distributed to the various taxing districts within the state"). The local assessor then uses that value to calculate the tax for the property located within the taxing district. See Minn. Stat. § 273.37, subd. 2 (explaining that the property is assessed "where situated").
Utilities with property subject to assessment by the Commissioner can appeal the assessment, valuation, or classification of their property under section 273.372. See Minn. Stat. § 273.372, subd. 1(b) (2016) (explaining that the statute governs "appeals to court of a claim that utility ... property has been partially, unfairly, or unequally assessed, or assessed at a valuation greater than its real or actual value, [or] misclassified"). The statute provides two possibilities for an appeal. First, the utility can appeal "from an order of the commissioner," which includes "a certification or notice of value by the commissioner." Id. , subd. 2(b). These appeals are governed by chapter 271 of the Minnesota Statutes. Id. Alternatively, the utility may appeal "from the tax that results from implementation of the commissioner's order," in which case the appeal is governed by chapter 278 of the Minnesota Statutes. Id. , subd. 2(c).
For each of the tax years at issue here-2013, 2014, and 2015-the Commissioner sent each Cooperative a notice of assessed value of its property, which would be used *865 to calculate the Cooperatives' property taxes for the taxes due in the following year.[1]
In April of the year after the Commissioner's valuation orders were issued-that is, April of 2014, 2015, and 2016-the Cooperatives filed notices of appeal with the tax court. The notices of appeal stated that the Cooperatives appealed from "Orders of the Commissioner," specifically, the Commissioner's "valuation" of each Cooperative's property. The Cooperatives attached a copy of the Commissioner's valuation notice from the preceding year to each notice of appeal. The Cooperatives also asserted that the tax court had jurisdiction over their appeals under Minn. Stat. §§ 271.01, 271.06, and 273.372 (2016). In answer to each notice of appeal, the Commissioner asserted that the appeals were untimely, the tax court lacked subject matter jurisdiction over the appeals filed in 2015 and 2016, and the Cooperatives had not met the statutory requirements for their 2016 appeals.
All nine appeals were stayed by joint agreement of the parties, pending our decision in Minnesota Energy Resources Corp. v. Commissioner of Revenue (MERC I ), 886 N.W.2d 786 (Minn. 2016). After we issued our decision in MERC I , the tax court ordered a limited consolidation of the Cooperatives' appeals for the sole purpose of allowing the Commissioner to file a motion to dismiss the appeals for lack of subject matter jurisdiction. The Commissioner moved for dismissal on March 29, 2017, asserting that all nine appeals were subject to the 60-day time limit in Minn. Stat. § 271.06, subd. 2. Further, because the Cooperatives filed their appeals after expiration of that deadline, the Commissioner contended that the tax court lacked jurisdiction over the appeals, which required dismissal. The Cooperatives jointly opposed this motion, arguing that their appeals were timely under Minn. Stat. § 278.01, subd. 1(c) (2016), which allows taxpayers to file an appeal as late as April 30 of the year in which the tax is due. The Cooperatives asserted that Minn. Stat. § 273.372 created two overlapping appeal paths, they were free to pursue either path in their appeals, and their appeals were therefore timely under the path created by subdivision 2(c) of section 273.372.
Finding "no doubt" that the Cooperatives had appealed orders of the Commissioner, the tax court concluded that the appeals were governed by Minn. Stat. § 273.372, subd. 2(b), and, by extension, chapter 271 of the Minnesota Statutes. The tax court therefore concluded that the Cooperatives' appeals were subject to the 60-day deadline in Minn. Stat. § 271.06, subd. 2. Finally, because the Cooperatives' appeals were all filed more than 60 days after the date of the respective valuation orders, the tax court dismissed all nine appeals. The Cooperatives sought review by certiorari.
ANALYSIS
This case turns on whether the tax court properly interpreted the deadlines for appeals as provided in Minn. Stat. § 273.372. This is a question of law, which we review de novo. Conga Corp. v. Comm'r of Revenue , 868 N.W.2d 41, 46 (Minn. 2015).
A.
Minnesota Statutes § 273.372 presents utilities, such as the Cooperatives, *866 with two alternate paths to challenge a property tax liability. The path chosen depends on whether the utility appeals from "an order of the commissioner," or from "the tax that results from implementation of the commissioner's order." Minn. Stat. § 273.372, subds. 2(b)-(c). Appeals from the Commissioner's orders, which include "a certification or notice of value by the commissioner" such as the notices of valuation that the Cooperatives received here, must be brought under chapter 271 of Minnesota Statutes. Minn. Stat. § 273.372, subd. 2(b). On the other hand, an appeal "from the tax that results from implementation of the commissioner's order" must be brought under chapter 278. Id. , subd. 2(c). These two different appeal paths establish two different appeal deadlines. Appeals brought to challenge a Commissioner's order, under chapter 271, must be filed "within 60 days after the notice date of an order of the commissioner of revenue." Minn. Stat. § 271.06, subd. 2. Appeals brought to challenge the tax resulting from the Commissioner's order, under chapter 278, may be filed at any time "on or before April 30 of the year in which the tax becomes payable." Minn. Stat. § 278.01, subd. 1(c).
We strictly construe the statutory time limits for tax appeals. Hohmann v. Comm'r of Revenue , 781 N.W.2d 156, 157 (Minn. 2010) ; Langer v. Comm'r of Revenue , 773 N.W.2d 77, 80 (Minn. 2009). Failure to comply with the time limits established by the Legislature for an appeal results in dismissal of the appeal. See Piney Ridge Lodge, Inc. v. Comm'r of Revenue , 718 N.W.2d 861, 862-63 (Minn. 2006).
The Cooperatives contend that the unambiguous language of section 273.372 establishes a single filing deadline-April 30 of the year in which the tax becomes payable-regardless of which appeal path the taxpayer chooses. The Cooperatives contend that all appeals taken under section 273.372 are governed by the deadline provided by Minn. Stat. § 278.01, subd. 1(c), based on the following provision in section 271.06 :
Notwithstanding subdivision 2 [which requires an appeal to be filed "within 60 days" after the Commissioner's order], when an appeal is taken to the Tax Court in any case dealing with property valuation, assessment or taxation for property tax purposes, the provisions of section 273.125, subdivisions 4 and 5, and chapter 278 shall apply as if the appeal had been taken to the district court.
Minn. Stat. § 271.06, subd. 1.
The Cooperatives' single-filing deadline interpretation ignores the plain language of section 273.372, which specifically governs property assessments under Minn. Stat. § 273.37, Minn. Stat. § 273.372, subd. 1(b), and which specifically provides two different statutory appeal paths. Under the plain language of section 273.372, when the first appeal path is chosen, an appeal under subdivision 2(b) "from an order of the commissioner," chapter 271 governs that appeal. Minn. Stat. § 273.372, subd. 2(b) (stating that the appeal "must be brought under chapter 271" (emphasis added) ). Relying on the general direction in section 271.06, subdivision 1 to apply "chapter 278" to the Cooperatives' appeals ignores the specific direction in section 273.372, subdivision 2(b), to follow chapter 271 in appealing "from an order of the commissioner." Minn. Stat. § 273.372, subd. 2(b) ; see Minn. Stat. § 645.26, subd. 1 (2016) (explaining that a more specific provision controls over a general provision if the two provisions conflict).
Further, even if a conflict exists between section 273.372, subdivision 2(b) and section 271.06, subdivision 1, see Minn. Stat. § 273.372, subd. 2(b) (noting the possibility *867 of a conflict with chapter 271), then the plain language of section 273.372 resolves that conflict by declaring that section 273.372 prevails. Id . In other words, under the plain language of Minn. Stat. § 273.372, subd. 2(b), the direction to bring an appeal "under chapter 271," specifically within the 60-day deadline in Minn. Stat. § 271.06, subd. 2, for an appeal from an order of the Commissioner, controls over the direction in Minn. Stat. § 271.06, subd. 1 to "apply" chapter 278.
Finally, Minn. Stat. § 273.372, subd. 4(e), recognizes that subdivision 2 describes two appeal paths with separate deadlines. See Minn. Stat. § 273.372, subd. 4(e) (referencing "the deadline in section 271.06 for appealing an order of the commissioner, [and] the deadline in section 278.01 for appealing property taxes in court"). The Cooperatives' assertion that the exception language in Minn. Stat. § 271.06, subd. 1, creates a single deadline would render the recognition of separate deadlines in section 273.372, subdivision 4(e), superfluous. See Minn. Stat. § 645.17(2) (2016) (explaining that the Legislature intends for all provisions to be effective).
Thus, the Cooperatives' view that a single filing deadline governs all appeals under section 273.372 fails because the plain language of that statute establishes two different filing deadlines, depending on the appeal path chosen.[2]
B.
The remaining question then is whether the Cooperatives' notices of appeal stated that the Cooperatives were appealing from "an order of the commissioner," or from "the tax that results from implementation of the commissioner's order." Minn. Stat. § 273.372, subds. 2(b)-(c). We liberally construe notices of appeal. Village of Aurora v. Comm'r of Taxation , 217 Minn. 64, 14 N.W.2d 292, 297 (1944). We have said that "a notice of appeal is sufficient if it shows an intent to appeal and the order appealed from apprises the parties of the issues to be litigated on appeal." Kelly v. Kelly , 371 N.W.2d 193, 195-96 (Minn. 1985).
In every one of their appeals, the Cooperatives stated that they were appealing from the valuation notices they had received in the preceding year, specifically, "from the Order[s] of the Commissioner." Every one of the Cooperatives' appeals invoked the tax court's jurisdiction under Minn. Stat. ch. 271, and referred specifically to the Commissioner's "valuation" of the Cooperatives' property. By contrast, not one of the Cooperatives' notices of appeal referenced Minn. Stat. ch. 278, nor the taxes that resulted from the "implementation"
*868 of the Commissioner's valuation notices by the assessing city or county. See Minn. Stat. § 273.372, subd. 2(c).
In short, the plain language of the Cooperatives' notices of appeal raised challenges only to the Commissioner's valuation orders. Further, the Cooperatives failed to apprise the Commissioner, or the tax court, that the taxes resulting "from implementation" of the Commissioner's orders were to be litigated on appeal. See Kelly , 371 N.W.2d at 195-96. While we strive to give effect to the substance of a notice of appeal, we cannot add substance that was simply never there. Because the Cooperatives chose to pursue appeals only from the Commissioner's orders, and did not file their appeals within 60 days of those orders, the tax court properly dismissed the appeals as untimely.[3]
CONCLUSION
For the foregoing reasons, we affirm the decision of the tax court.
THISSEN, J., not having been a member of this court at the time of submission, took no part in the consideration or decision of this case.

The Cooperatives timely filed administrative appeals from the 2013 valuation notices, which were denied on May 31, 2013, when the Commissioner notified the Cooperatives that the earlier issued valuations were "considered final."

After argument in this case, the Cooperatives filed a citation of supplemental authority, see Minn. R. Civ. App. P. 128.05, referencing three recent decisions from the Tax Court that denied the Commissioner's motions to dismiss appeals taken by utilities as untimely. Two of the decisions, Minn. Valley Elec. Coop. v. Comm'r of Revenue , No. 9047-R, 2018 WL 2106409 (Minn. T.C. May 1, 2018), and Wright Hennepin Coop. v. Comm'r of Revenue , No. 9048-R, 2018 WL 2106437 (Minn. T.C. May 1, 2018), considered whether a taxpayer's valuation claim "must proceed under [Minn. Stat. § 273.372, subd. 2(b) ], and may not proceed under [Minn. Stat. § 273.372, subd. 2(c) ]." Minn. Valley Elec. Coop. , 2018 WL 2106409, at *4. That issue is not before us and thus neither decision is instructive for purposes of this appeal. The third decision, Enbridge Energy, Ltd. P'ship v. Comm'r of Revenue , No. 8579-R, 2018 WL 2106421 (Minn. T.C. May 1, 2018), considered whether the taxpayer was required to appeal within 60 days of the Commissioner's "summary appraisal report." Id . at *9-10. The Tax Court concluded that a summary appraisal report is not a "notice of value" within the meaning of Minn. Stat. § 273.372, subd. 2(b). See 2018 WL 2106421, at *10. This appeal does not involve a summary appraisal report.

The Cooperatives also argue that dismissal of their appeals was precluded by the equitable doctrines of estoppel and laches. The Cooperatives did not raise these arguments before the tax court, and we therefore decline to consider them on appeal. Crossroads Church of Prior Lake v. County of Dakota , 800 N.W.2d 608, 617 (Minn. 2011).